Leamon E. **MUNCY**, Plaintiff,

v.

Anthony J. **CELEBREZZE**, Secretary of Health, Education, and Welfare of the United States of America, Defendant.

Civ. No. 63–282.

United States District Court
W. D. Oklahoma.

March 17, 1964.

Leamon E. Muncy, Lawrence E. Hoecker (of Pierce, Mock, Duncan, Couch & Hendrickson), Oklahoma City, Okl., for plaintiff.

Anthony J. Celebrezze, Secretary of Health, Education, and Welfare, of the United States, Robert L. Berry, Asst. U. S. Atty., Oklahoma City, Okl., for defendant.

DAUGHERTY, District Judge.

This is an action by the plaintiff, Leamon E. Muncy, to review a final decision of the defendant Secretary, denying the plaintiff's application for a period of disability and disability benefits as author-

ized by the Social Security Act, as amended, 42 U.S.C.A. §§ 416(i) (1), 423. This court has jurisdiction of the action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g).

■ The action was filed on August 29, 1963, after the Appeals Council denied plaintiff's request for review of the Hearing Examiner's adverse decision which, therefore, became the final decision of the defendant Secretary. The case is now before the court on defendant's motion for summary judgment and plaintiff's motion objecting to summary judgment and requesting an opportunity for oral argument. Briefs have been received from both sides in support of their respective contentions and have been considered by the court.

■■ The function of the court is to determine whether or not the Hearing Examiner's findings are supported by substantial evidence. The findings of fact and the inferences and conclusions drawn therefrom, made by the Hearing Examiner are binding on this court if supported by substantial evidence. The Hearing Examiner's conclusions of law, however, are not binding upon the court, although they are entitled to great weight. Park v. Celebrezze, D.C., 214 F.Supp. 153, appeal dismissed 8 Cir., 321 F.2d 543.

The Court, after a thorough study of the entire record, finds that the Hearing Examiner's decision is not supported by substantial evidence and, therefore, is reversed.

■ The medical evidence reveals that plaintiff fractured his hip in November, 1961. As a result of the fracture the plaintiff's hip movement is restricted; left thigh muscle deterioration is present; possible nerve root damage is present; arthritis is present; and necrosis is present in left femoral head. The medical opinion is that the plaintiff is definitely disabled, except for light sedentary work and that his activities should not require him to stand, stoop, climb or lift anything. Surgery is the recommended procedure suggested by the Veterans Administration Hospital and Dr. D. E. Wilson. There is no medical evidence that the plaintiff is not disabled.

■ The Hearing Examiner found, based upon the above-stated recommended surgery, that the plaintiff's impairment "may be remedial". The record discloses no medical evidence to support such an inference. In fact the clear inference is to the contrary. Were we dealing with a disease rather than major surgery, where the patient has all to win and nothing to lose, the inference would be sound. But with major surgery, "there is a possibility of the patient losing all and gaining nothing"; therefore, the inference is not sound and lacks evidentiary support. Park v. Celebrezze, supra, Martin v. Ribicoff, D.C., 195 F.Supp. 761.

The past work experience of the plaintiff includes manual labor, house painter, and heavy equipment operator. The record reflects no past experience in any type of sedentary work. Also, the Hearing Examiner found that "Vocational Rehabilitation has advised him there wasn't any type of work available which claimant's education and physical condition would qualify him for". And that "he has attempted to find a job but every one tells him he is too crippled and they are afraid he will fall."

The medical evidence clearly shows that the plaintiff has a "medically determinable physical * * * impairment which can be expected * * * to be of long-continued and indefinite duration". Will it prohibit the plaintiff from engaging in any substantial gainful activity, based upon his particular individual capabilities? See Celebrezze v. Bolas, 8 Cir., 316 F.2d 498. The answer is yes. The record is clear that the plaintiff is physically unable to pursue any activity, considering his age, education, experience and impairment, which is both substantial and gainful. This man is disabled within the meaning of the Act. See Cummins v. Celebrezze, D.C., 222 F.Supp. 285.

874

The defendant's motion for summary judgment is denied.

The plaintiff's motion for oral argument is denied.

Upon a review of the record herein, the Court finds that the decision of the Hearing Examiner is not supported by substantial evidence and should be reversed and the plaintiff granted disability benefits.

Counsel for plaintiff will prepare a judgment in conformity with the foregoing for the signature of the Court and entry herein.