John W. GARDNER, Secretary of Health, Education & Welfare, Appellant,

v.

Eugene O. GUNTER, Appellee.

No. 22047.

United States Court of Appeals
Fifth Circuit.

Dec. 21, 1965.

Rodney R. Steele, Asst. U. S. Atty., Montgomery, Ala., David L. Rose, Richard S. Salzman, Attys., Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Ben Hardeman, U. S. Atty., Sherman L. Cohn, Max Wild, Attys., Dept. of Justice, Washington, D. C., for appellant.

Hugh Maddox, Montgomery, Ala., for appellee.

Before TUTTLE, Chief Judge, and RIVES and GEWIN, Circuit Judges.

PER CURIAM:

This appeal is from a decision of the district court reversing the determination of the Secretary of Health, Education and Welfare that Gunter was not disabled within the meaning of sections 216 (i) and 223 of the Social Security Act, 42 U.S.C.A. §§ 416, 423, and, therefore, was not entitled to disability insurance benefits. The district judge found that the Secretary had misapplied the law and that his determinations were not supported by substantial evidence.[1]

---

1. As to the scope of judicial review, see 42 U.S.C.A. § 405(g) ; Celebrezze v. Maxwell, 5 Cir. 1963, 315 F.2d 727, 730;

Celebrezze v. Kelly, 5 Cir. 1964, 331 F. 2d 981, 982; Celebrezze v. O'Brient, 5 Cir. 1963, 323 F.2d 989, 990.

After carefully reading and considering the entire record, including the administrative proceedings and the testimony and exhibits, we reluctantly hold that the district court erred.

Grant was 49 years old at the time of this disability application. He had completed the fourth grade and his work experience included farming, textile machine operations, concrete work, service station attendant and setting burial vaults. He was recently rejected for retraining by the State (Alabama) Rehabilitation Service. He has no physical defects (other than the one in question here), is neat and clean, appears intelligent and well nourished.

On April 25, 1963 Gunter applied to establish a period of disability and for disability insurance benefits. After the application was denied, Gunter requested and received a hearing before a hearing examiner. At this hearing the following evidence regarding Gunter's alleged disability was disclosed: Gunter suffers from pulmonary emphysema, a disease of the lungs whereby they lose elasticity; his case was characterized as "moderately severe" by one doctor and as "chronic-advanced" by another. Two doctors emphasized that Gunter should not be exposed to the cold any more than necessary, since his condition would be aggravated by upper respiratory infections. Although it was clear that Gunter could no longer perform arduous physical or manual labor, two doctors, including Gunter's personal physician, testified that he was capable of doing some type of light or sedentary work over a prolonged period of time. Gunter's doctor testified that he could "walk around fairly well" at his own pace and that he had "pretty good pulmonary function." Two doctors stated that the results of certain vital capacity tests performed on Gunter were favorable. Although Gunter was pronounced "100% disabled" with regard to gainful employment by one doctor, Gunter's own doctor qualified this conclusion as being true only to the extent that it meant Gunter could no longer do the heavy physical labor which he had previously done. Beyond that, the same doctor said that his abilities may only be gauged according to his specific reaction to given situations. Although Gunter's ailment is generally progressive, it can become stationary and might even improve under proper treatment.

William Hopke, Ph.D., an associate professor of education at Florida State University, appeared and testified as a vocational expert. His qualifications included work with disabled veterans for the Veterans Administration, which involved placement of handicapped veterans as well as vocational rehabilitation. He also trained vocational counselors for employment service work. Prior to the hearing, he had studied the reports and other data relevant to Gunter's case; he heard all of the testimony at the hearing. Dr. Hopke testified that, notwithstanding Gunter's limited education and work experience, there were a number of indoor jobs involving light or sedentary work which he could apparently perform with *little or no training*. Basing his opinion upon the evidence relating specifically to Gunter's situation, as well as upon his experience with other emphysema and TB sufferers, Doctor Hopke enumerated several jobs Gunter was able to perform, *e. g.*, bottle inspector, boxer or carton closer, retail package wrapper or hand wrapper or a buckle looper. Moreover, in describing the nature of the work in these jobs, Dr. Hopke indicated several firms in the area of appellee's home which might provide such employment.

There was substantial evidence that although he did suffer from emphysema, Gunter had the residual physical capacity to perform light or sedentary indoor work over a prolonged period. Dr. Hopke's testimony is "substantial evidence" to support the Secretary's determination and to render Gunter's ability to engage in substantial, gainful activity more than merely "theoretical." Although one doctor did contradict this testimony in his description of Gunter as "appears 100% disabled" with reference to gainful work, Gunter's own doctor admitted that he could not agree

with this conclusion as far as Gunter's ability to perform light or sedentary work was concerned. In the face of this and in light of the fact that Dr. Hopke's testimony was otherwise substantially *unrefuted,* we think that the trial examiner properly rejected the "100% disabled" remark as an opinion on the ultimate issue, which was a matter for his resolution alone.

It appears to us that the district court erred in concluding that the hearing examiner failed to consider Gunter's age, training, education and work experience, since Dr. Hopke was careful to point out that each of the occupations he suggested for Gunter required little or no training. In reversing the trial examiner on this point, we think the district judge invaded the credibility-resolving province of the Secretary.

 The district court concluded that the Secretary's decision "was based upon a determination that mere theoretical ability to engage in substantial, gainful activity is enough" to preclude Gunter's claim, "even though when considering the experience, the education and the vocational training of the applicant there is no reasonable opportunity for employment available," and that this was a misapplication of the law. Without disagreeing as to the applicable law, we find that the Secretary's decision *was* based upon Gunter's education, work experience and age. In order to assure that Gunter's ability to engage in substantial, gainful activity was more than just "theoretical," the Secretary called a vocational expert (Dr. Hopke) to testify as noted above. The hearing examiner was careful to ascertain, through specific questions, that Dr. Hopke's testimony was applicable to Gunter himself and the level at which *he* (as opposed to persons in his general category) could function education-wise and vocation-wise. In his decision, the examiner said:

"It is evident, too, that Dr. Hopke gave considerable attention to this claimant's limited educational and vocational background since the jobs he described require negligible edu-cational background and only minimal training requirements for their performance. Dr. Hopke also noted in his testimony that such jobs are normally found in industries which exist within the area where the claimant resides."

The district judge's conclusion that the Secretary applied an erroneous legal standard is unfounded.

The judgment is reversed and the case remanded for the entry of a final judgment for the Secretary.

Reversed and remanded.