**Joseph THOMAS, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**No. GC6622.**

United States District Court
N. D. Mississippi,
Greenville Division.
Dec. 22, 1966.

Joseph E. Wroten, of Wroten, Orlansky & Miller, Greenville, Miss., for plaintiff.

H. M. Ray, U. S. Atty., and E. Grady Jolly, Asst. U. S. Atty., Oxford, Miss., for defendant.

## MEMORANDUM OPINION

CLAYTON, Chief Judge.

This action was brought by plaintiff, as authorized by Section 205(g) of the Social Security Act, as amended [42 U.S.C.A. § 405(g)], to obtain court review of a decision of the Secretary of Health, Education and Welfare on a claim for social security disability benefits.

Application was filed by plaintiff for a period of disability and disability insurance benefits on September 10, 1964. He had filed an earlier application on October 17, 1962, which was denied initially and on reconsideration. That last denial of the earlier application was on June 5, 1963. Plaintiff did not request a hearing and there was never any revision of that decision. The action of June 5, 1963, became final in these circumstances. Section 405.916 of Social Security Administration Regulations No. 4 (20 C.F.R. 404.916; 42 U.S.C.A. Appendix).

The application of September 10, 1964, was denied initially and again on reconsideration. Plaintiff requested a hearing before a hearing examiner and this was held on December 7, 1965. As a result of this hearing, the hearing examiner rendered a decision denying plaintiff's claim on January 12, 1966. After the Appeals Council considered the record following plaintiff's request for review, the decision of the hearing examiner became the final decision of the Secretary of Health, Education and Welfare.

The underlying issue presented here on motions for summary judgment which have been filed by plaintiff and defendant and which are before the court on briefs is whether there is substantial evidence in the record to support the final decision of the Secretary that plaintiff did not meet the statutory test of disability and that he is not entitled to a period of disability under Section 216 (i) of the Act [42 U.S.C.A. § 416(i)] or to the monthly disability insurance benefits under Section 223 of the Act [42 U.S.C.A. § 423].

In substance, the hearing examiner found that plaintiff has a medically determined impairment consisting of a disc syndrome which will be of long continued and indefinite duration and will last for a continuous period of not less than twelve months, that this impairment is not of such a degree of severity as to preclude the plaintiff's engaging in substantial gainful activity, and that, even with the impairment, the plaintiff has residual medical capacity to engage in substantial gainful activity. The examiner apparently reached this result for these reasons: 1) he apparently found that this impairment could be completely eliminated by surgery, 2) plaintiff had declined to undergo surgery, and, 3) plaintiff was working as a self-employed taxicab operator.

Although this court, as to 1), would have found that the proposed surgery had at best a fifty percent chance of success and that in fact it might result in aggravating the impairment, it cannot be said that this aspect of the examiner's findings is not supported by substantial evidence. Accepting the premise that the examiner's said finding is legally sound, it was proper for the examiner then to give consideration to plaintiff's refusal to undergo such surgery. But see, Martin v. Ribicoff, 195 F.Supp. 761 (D.C.Tenn.1961) and Muncy v. Celebrezze, 228 F.Supp. 872 (D.C. Okl.1964).

It is with 3), above, that this court has its greatest trouble. The uncontradicted evidence in the record is that by the time of the hearing which resulted in the adverse decision, plaintiff, because of the pain incident to his disc and low back trouble, was able to drive his taxicab on an intermittent basis, i. e., he could drive for approximately one hour

and then he would have to go home and lie down and rest. After a period of rest, he again could drive for about an hour and would again have to have a period of rest. His earnings were minimal and his net earnings had become almost non-existent. Additionally, the examiner either overlooked or gave no credit to reports of contact made by agents of defendant. A part of one of these reports is quoted:

He said that his back hurts him constantly and he is always in pain. It hurts clear up to his shoulders. He said his legs ache. At times the severity of the pain causes him to become nauseated. He very frequently has headaches. The wage earner says his vision is almost gone. He is unable to read anything at all. It is very dangerous for him to drive. * * The wage earner says he still drives his taxi about two hours a day. He said this work is done off and on and is interspersed during the day by rest periods. The wage earner will make a couple of trips carrying customers and then go home and lie down for awhile. Then in the afternoon, he will try again. He says that the peak period for taxi drivers is when people are going to work in the morning and coming home in the afternoon. He tries to be able to be up and operating his taxi at those times. His gross income per day is usually $4–$6. His expenses have to come out of that, such as tires, gas, oil, license tags, taxes on his car, etc. He says that perhaps he might clear $15 to $20 a week. He is trying to keep food in the house for himself and his wife. She is sick also and unable to work. The wage earner has had to mortgage his home and has already used up all the money he got from the mortgage. He does not have any income other than what he is able to squeeze out from his taxi driving. * * *

Prior to onset Joseph Thomas was able to put in a full day's work with no problems whatsoever. After onset he started driving a taxi. He worked almost as much as other drivers did. Since last September, (1964) he has had to cut down to working only 2 hours a day. He drives during the morning and evening rush hours because this is when he can work the least amount of time and get the most business. He drives for one hour and then must go home and rest in order to be able to be up for the next rush hour. This is certainly restricting his activity. He is only working to provide some income for his family. I do not believe this constitutes S.G.A.

Is this the substantial gainful activity contemplated by this social legislation? Even the hearing examiner found that plaintiff had not made enough money in the taxi business to file income tax returns for 1963 and 1964. It is clear that had plaintiff applied for regular employment at any occupation with any company or individual, he would not have been employed if there had been a full disclosure of his physical condition. Bridges v. Gardner, 368 F.2d 86 (5th Cir. 1966) (opinion released November 3); Gardner v. Smith, 368 F.2d 77 (5th Cir. 1966).

■ More especially, on the point of whether the activities of plaintiff as shown by this record constitute "substantial gainful activity" within the meaning of the statute, see Ellerman v. Flemming, 188 F.Supp. 521 (D.C.Mo. 1960) and Lippert v. Ribicoff, 215 F. Supp. 28 (D.C.Cal.1963). It seems clear to this court that the word "substantial" as used in the statute, does not modify "gainful" (although plaintiff gains little by his minimal work here), but rather it modifies "activity". The activity in which a claimant must be able to engage must not only be "gainful", but it must also be "substantial". If this court could consider plaintiff's situation de novo, it could not hold on this record that he was engaged in substantial gainful activity. Nor, in the light of Bridges, supra, and Gardner v. Smith, supra, could this court hold that plaintiff is otherwise able to engage in any substantial gainful activity in the

light of this record which does not show that any consideration was given to the question of whether, vel non, the claimant would be seriously considered for employment if a job vacancy occurred in his area and he applied for it. This is so, of course, because the hearing examiner stopped at "top dead center" with his finding that plaintiff was already engaged in substantial gainful employment. That being the case, it is apparent that he considered it unnecessary to go any further.

From this record, if permitted to consider plaintiff's claim de novo, this court would find that plaintiff has a medically determined impairment consisting of a disc syndrome and related impairments consistent therewith which will be of long continued and indefinite duration and will last for a continuous period of more than twelve months; that plaintiff's said disabilities were not remedial within the meaning of § 404.1502(g) of Social Security Regulations No. 4 [20 C.F.R. 404.1502(g)] [42 U.S.C.A. Appendix] because of the uncertainty of success of surgery and the strong possibility that such surgery would aggravate rather than relieve plaintiff's condition;[1] that plaintiff's attempt to work as a taxicab driver is not substantial gainful activity as contemplated by the statute; that plaintiff is now unable to engage in such substantial gainful activity as is contemplated by the statute, and that, therefore, he is entitled to a period of disability and to disability insurance benefits.

The statute, however, precludes de novo consideration here and limits this court's authority to a determination as to whether the findings of the Secretary are supported, vel non, by substantial evidence. Section 205(g) of the Act [42 U.S.C.A. § 405(g)] provides in part:

The findings of the Secretary as to *any* fact, if supported by substantial evidence, *shall be conclusive * * *.* (Emphasis added.)

See Staples v. Gardner, 357 F.2d 922 (5th Cir. 1966); Aldridge v. Celebrezze, 339 F.2d 190 (5th Cir. 1964); Gardner v. Gunter, 354 F.2d 755 (5th Cir. 1965); and Seals v. Gardner, 356 F.2d 508 (5th Cir. 1966).

Although this court has a strong feeling that this case was wrongly decided, it can not now say, upon consideration of the entire record, *as a matter of law*, that the findings of fact upon which defendant's "final decision" was based, are not supported by substantial evidence.

In these circumstances, this court must say (but, with great reluctance) that the "final decision" of defendant should and will be affirmed.