**James L. PEOPLES, Plaintiff-Appellee,**

**v.**

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant-Appellant.**

**No. 72–1616.**

United States Court of Appeals, Fifth Circuit.

Nov. 1, 1972.

Wayman G. Sherrer, U. S. Atty., Birmingham, Ala., Kathryn H. Baldwin, Ronald R. Glancz, Dept. of Justice, Washington, D. C., for defendant-appellant.

John H. Lair, Birmingham, Ala., for plaintiff-appellee.

Before TUTTLE, BELL and AINSWORTH, Circuit Judges.

PER CURIAM:

In this action by claimant for Social Security disability benefits (under 42 U.S.C. § 405(g)), the District Court reviewed a final decision of the Secretary of Health, Education and Welfare which denied the claim on the ground that claimant was not disabled. The Court concluded that the case should be remanded to the Secretary for further administrative procedures.

The Trial Judge, however, prescribed the method by which additional vocational testimony on remand must be received. He directed that on remand the testimony of the vocational expert be based upon the expert's observation of the claimant at the hearing, on further testimony that the claimant may be called upon to give, and on examination of the exhibits and prior record in this case, "rather than upon a hypothetical question posed by the hearing examiner." The Trial Judge also directed that "the testimony of the vocational expert should be elicited free from any cross-examination on the part of the hearing examiner." The Secretary does not object to the remand of these proceedings but enters strenuous opposition to the restricted method of receiving the vocational expert's testimony, and asks that we nullify them by reversing the District Court's order.

We believe the Secretary's position to be correct and that the restrictions imposed by the District Court relative to the expert's testimony are contrary to law and must be set aside. We are familiar with the Secretary's method of utilizing vocational experts, see Gardner v. Gunter, 5 Cir., 1965, 354 F.2d 755; King v. Finch, 5 Cir., 1970, 428 F.2d 709, and we see no impropriety in the hearing examiner inquiring fully into the basis of the vocational expert's conclusions relative to employment available to the claimant. The District Court may not circumscribe the hearing examiner's authority to examine witnesses, including the vocational expert. See 42 U.S.C. § 405(b). The regulations which the Secretary has adopted provide for the conduct of the hearing and examination of witnesses, see 20 C.F.R. 404.927 and 404.929, and these regulations are established under authority of the Social Security Act, 42 U.S.C. § 405(a). Richardson v. Perales, 402 U.S. 389, 400, 91 S.Ct. 1420, 1426, 28 L.Ed.2d 842 (1971).

The regulations do not contemplate the restrictions attempted to be imposed by the District Court.

Accordingly, we hold that the restrictions imposed by the District Judge were improper and contrary to law and that his findings in this regard must be reversed so that the hearing examiner's role in these proceedings may not be impaired and the purposes of the Act be finally accomplished.

Reversed.