**Edward R. POORE, Plaintiff,**

**v.**

**David MATHEWS, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 74–0–37.**

United States District Court,
D. Nebraska.

Sept. 30, 1976.

Louis M. Leahy, Omaha, Neb., for plaintiff.

Thomas D. Thalken, Asst. U. S. Atty., District of Nebraska, Omaha, Neb., for defendant.

MEMORANDUM

DENNEY, District Judge.

This matter comes before the Court upon the defendant's motion for summary judgment [Filing # 15]. The action arose under 42 U.S.C. § 405(g) which provides for judicial review of any final decision by the Secretary of Health, Education and Welfare.

The case is before this Court for the second time. On February 11, 1974, the

plaintiff filed a complaint [Filing # 1] seeking review of a decision by the Appeals Council of the Social Security Administration on December 20, 1973, denying his application for social security disability benefits.[1] On November 21, 1974, this Court remanded the case [Filings # 11 and # 12] to the Secretary of Health, Education and Welfare for further proceedings, as the record lacked a basis for determining the plaintiff's vocational ability and the existence in the national economy of work which the plaintiff could perform. After a supplemental hearing on June 16, 1975, at which vocational and psychological evidence was taken, the administrative law judge on remand recommended denial of disability benefits. The Appeals Council adopted the judge's findings and conclusions on February 6, 1976.

The medical evidence and plaintiff's testimony indicate that he suffers from a brachial nerve injury in his left arm sustained at birth, as well as respiratory difficulties, allergies, rashes, nervousness and anxiety. Plaintiff is adversely affected by dirt and dust, changes in temperature and noise.

Plaintiff has attended the University of Nebraska since September, 1971. A counselor at the University testified that the plaintiff has below average ability but by studying more than other students has achieved an average academic performance. He stated also that plaintiff could perform jobs such as in the field of real estate sales, after some additional courses. Plaintiff reported that he participates in no athletic activities but does lead an active social life.

A psychiatrist submitted his opinion that plaintiff expresses anxiety but has no signs of major emotional disorder, that he has manifested inadaptability, ineptness, poor judgment, social instability, and lack of stamina, and concluded that plaintiff is disabled in his ability to function socially and vocationally.

Based on the above evidence, the transcript of the original hearing, observation of plaintiff at the supplemental hearing, and written medical reports included in the record, the vocational expert at the supplemental hearing testified as to the kinds of work plaintiff could perform and the existence of such work in the Omaha, Nebraska, area. The expert assumed that the plaintiff could not be exposed to stress, deadlines or difficult contacts with the public, that he requires a clean environment with moderate and consistent temperatures, that he could not perform employment requiring above average manual dexterity or lifting over fifty pounds, that he has slightly below average to average intelligence and several years of college education, and that he is in his early twenties with vocational experience as a janitor, dishwasher, gardener and salad man in a restaurant, although he cannot, for medical reasons, continue to perform those specific jobs.

Based on these assumptions, the vocational expert testified that plaintiff could perform sedentary or light jobs such as clerk, cashier, assembler of small items, concession attendant, watchman, wrapper, packer, telephone order clerk, telephone dispatcher, and others. On the basis of his survey of the Omaha-Lincoln, Nebraska, area, the expert concluded that approximately 3000 light and 1000 sedentary jobs existed in plaintiff's locale in 1972, of which 1400 could be performed by a person with a single arm. He testified that the number of such jobs has increased since 1972, but that if psychiatric evidence indicated that plaintiff's ability to relate to other people is severely impaired, the numbers of such jobs would be reduced by two-thirds.

Disability is defined by 42 U.S.C. § 423(d)(1)(A) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . to last for a

1. The Appeals Council on its own motion had reversed a decision rendered on September 26, 1973 by an administrative law judge that the plaintiff was entitled to a period of disability commencing on July 30, 1971 and to disability insurance benefits under Sections 216(i) and 223 of the Social Security Act, as amended.

continuous period of not less than 12 months." An individual is disabled only if his impairments prevent his performing not only his previous work, but considering his age, education and experience, preclude "any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). The findings of the Secretary are to be sustained if supported by substantial evidence in the record as a whole.[2]

The plaintiff asserts that too much weight was given to his college education, that the vocational expert's testimony was hypothetical and unconvincing, and that the record shows only the theoretical availability of employment which the plaintiff could perform.

■ It is for the Secretary as the trier of fact to resolve conflicts in the evidence, and this Court will not reweigh the evidence. *Timmerman v. Weinberger,* 510 F.2d 439, 444 (8th Cir. 1975). The Secretary was entitled to consider the testimony of the vocational witness even though the witness had not examined the plaintiff and based his conclusions on the records and the testimony presented at the hearing. *See Kyle v. Cohen,* 449 F.2d 489 (4th Cir. 1971). The opinions of such vocational experts are

often accepted as substantial evidence to support a finding of nondisability. *Id. See also Gardner v. Gunter,* 354 F.2d 755, 756–57 (5th Cir. 1965); *McMullin v. Richardson,* 350 F.Supp. 467, 471 (E.D.Va.1972).

■ The Secretary is not required to find that a specific job opening is available to a claimant before denying disability benefits. *See Timmerman v. Weinberger,* 510 F.2d 439, 442 (8th Cir. 1975), *citing Torske v. Richardson,* 484 F.2d 59, 60 (9th Cir. 1973), *cert. denied,* 417 U.S. 933, 94 S.Ct. 2646, 41 L.Ed.2d 237 (1974). The test is whether jobs exist for which a person with the plaintiff's condition and background can realistically compete, not whether specific job vacancies exist for which he might be hired. *See Trujillo v. Cohen,* 304 F.Supp. 265, 268–69 (D.Colo.1969), *aff'd, Trujillo v. Richardson,* 429 F.2d 1149 (10th Cir. 1970). 42 U.S.C. § 423(d)(2)(A) precludes a finding of disability if the claimant can *engage in* substantial gainful work which exists in the national economy, *"regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."* [Emphasis added]. *See also Gentile v. Finch,* 423 F.2d 244, 246–48 (3rd Cir. 1970).

2. The following standards are to be applied in reviewing decisions concerning disability under the Social Security Act:
   (a) The claimant has the burden of establishing his claim; (b) the Act is remedial and is to be construed liberally; (c) the Secretary's findings and the reasonable inferences drawn from them are conclusive if they are supported by substantial evidence; (d) substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; (e) it must be based on the record as a whole; (f) the determination of the presence of substantial evidence is to be made on a case-to-case basis; (g) where the evidence is conflicting it is for the Appeals Council on behalf of the Secretary to resolve those conflicts; (h) the statutory definition of disability imposes a three-fold requirement (1) that there be a medically determinable physical or mental impairment which can be expected to [result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months], (2) that there be an inability to

engage in any substantial gainful activity, and (3) that the inability be by reason of the impairment; (i) such substantial gainful activity is that which is both substantial and gainful and within the claimant's capability, realistically judged by his education, training and experience; (j) the emphasis is on the particular claimant's capabilities and on what is reasonably possible, not on what is conceivable; and (k) it is not the duty or the burden of the Secretary to find a specific employer and job for the claimant but, instead, some effort and some ingenuity within the range of the claimant's capacity remains for him to exercise.
*Russell v. Secretary of Health, Education and Welfare,* 540 F.2d 353, at 356 (8th Cir. 1976) *citing Celebrezze v. Bolas,* 316 F.2d 498, 500–01, 507 (8th Cir. 1963). *See also Brinker v. Weinberger,* 522 F.2d 13, 16 (8th Cir. 1975); *Klug v. Weinberger,* 514 F.2d 423, 424 (8th Cir. 1975); *Yawitz v. Weinberger,* 498 F.2d 956, 959–60 (8th Cir. 1974); *Garrett v. Richardson,* 471 F.2d 598, 599–600 (8th Cir. 1972).

 On the basis of the medical evidence, the vocational expert testified that the plaintiff had the residual capacity to fill certain enumerated jobs and that such work existed locally in significant numbers in 1972 and thereafter. Such evidence is sufficient to support the Secretary's findings and conclusions, and his decision should be affirmed.

An Order has been filed contemporaneously herewith in accordance with this Memorandum Opinion.