**Alma RANSEY, Plaintiff,**

v.

**Joseph A. CALIFANO, Secretary of the Department of Health, Education and Welfare of the United States of America, Defendant.**

Civ. No. 78–O–462.

United States District Court, D. Nebraska.

July 17, 1979.

Steven T. Swihart, Omaha, Neb., for plaintiff.

Lyn L. Wallin, Asst. U. S. Atty., Omaha, Neb., for defendant.

## MEMORANDUM

DENNEY, District Judge.

This matter comes before the Court upon the plaintiff's motion for summary judgment [Filing # 6] and the defendant's motion for summary judgment [Filing # 12]. This is a proceeding under Title II of the Social Security Act, as amended, 42 U.S.C. § 401 *et seq.* The action arose under § 405(g), which provides for judicial review of any final decision by the Secretary of Health, Education and Welfare.

On October 1, 1977, the plaintiff filed her application to establish a period of disability, as provided in § 416(i), and to obtain disability insurance benefits under § 423. The application received consideration and reconsideration by the Social Security Administration, and the claim was denied.

Thereafter, on June 1, 1978, at plaintiff's request, a hearing was held, at which the plaintiff appeared and testified. Plaintiff's husband was also in attendance. On June 21, 1978, the administrative law judge rendered a decision unfavorable to the plaintiff. He found that the plaintiff was not under a "disability" as defined in the Social Security Act, as amended. This decision was in turn approved by the Appeals Coun-

cil of the Social Security Administration on August 21, 1978, and, thus, the administrative law judge's decision stands as the final decision of the Secretary.

The sole issue before this Court is whether substantial evidence supports the decision of the Secretary. *Timmerman v. Weinberger*, 510 F.2d 439, 441 (8th Cir. 1975). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

A claimant is eligible for Social Security benefits if he or she is under a "disability." 42 U.S.C. § 423(a)(1)(D).

> Disability is defined by 42 U.S.C. § 423(d)(1)(A) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . to last for a continuous period of not less than 12 months." An individual is disabled only if his impairments prevent his performing not only his previous work, but considering his age, education and experience, preclude "any other kind of substantial gainful work which exists in the national economy . . . ."
> 42 U.S.C. § 423(d)(2)(A).

*Poore v. Matthews*, 419 F.Supp. 142, 144–45 (D.Neb.1976).

The claimant has the initial burden of establishing the existence of a disability. *Thompson v. Mathews*, 561 F.2d 1294, 1296 (8th Cir. 1977). This burden shifts to the Secretary when the claimant demonstrates the inability to return to his or her former work. *Klug v. Weinberger*, 514 F.2d 423, 426 (8th Cir. 1975). Upon an examination of the record, the Court is convinced that the decision of the administrative law judge was supported by substantial evidence.

Plaintiff's application, filed on October 7, 1977, states that she was born August 28, 1931, and that she became unable to work on August 5, 1977, by reason of diabetes, pancreatitis and stomach problems.

The medical evidence in this case indicates the following: In May of 1977, the plaintiff began experiencing pain of the right upper quadrant. She entered the hospital, where she had an upper G.I., cholecystogram and barium enema, all of which were normal. The barium enema did indicate calcification near the pancreas with a slight increase in alkaline phosphatase.

In September of 1977, the plaintiff was readmitted to the hospital for her right quadrant pain. Her blood count was 14,700 and she had lost approximately twenty pounds since May.

During her September hospitalization, x-rays again revealed calcification near the pancreas. Two attempts at a pancreatogram were unsuccessful. As a result, it was believed that a drainage procedure and pancreatectomy were necessary. The plaintiff underwent a 95% pancreatectomy on September 21, 1977.

A discharge summary was prepared by Samuel L. Watson, M.D., an internist and one of the plaintiff's physicians, covering the plaintiff's care at the hospital from September 2, 1977, to October 6, 1977. In the summary, Dr. Watson indicates that plaintiff tolerated the operation "amazingly well" and had no post-operative complications. A stool check before the plaintiff went home showed no free fat or fatty acids [Tr. 57–58].

In a letter dated October 18, 1977, Dr. Watson again reported that the plaintiff did well post-operatively. He further stated that her diabetes had only recently appeared and was probably related to her pancreatic insufficiency. There had been no side effects or complications from the diabetes [Tr. 94].

Another of the plaintiff's physicians, Burdette J. Moor, M.D., a surgeon, reported on December 15, 1977, that the plaintiff was having problems regulating pancreatic enzymes and insulin following her pancreatectomy. Dr. Moor opined that the plaintiff was totally disabled at the time and that the disability would continue for an undetermined length of time [Tr. 95].

On January 5, 1978, Dr. Watson reported on the plaintiff's condition. He indicated that he had followed the plaintiff since surgery and she was "doing very well." Her diabetes was "pretty well controlled," and resulted from a lack of insulin due to the pancreatectomy. He stated further that "actually she does not have any stigmata of the disease diabetes mellitus." Dr. Watson guessed that her main disability was weakness and occasional diarrhea due to her pancreatectomized state [Tr. 96].

David A. Jasper, M.D., an internist, examined the plaintiff on February 7, 1978. He reported excellent surgical results and that plaintiff was doing well in her post-operative course, and would continue to improve. Dr. Jasper found no defects at that time which would render the plaintiff unemployable [Tr. 97–99].

Plaintiff testified that she is 46 years old and has a 12th grade education. She had been working as a checker and pricer at a distribution center for fifteen years previous to her disability claim. Plaintiff had also worked as a press operator in a laundry for a couple of years [Tr. 19–21].

Plaintiff testified that her main complaint is constant exhaustion resulting from her post-operative status. She indicated that she can do some housework and that she occasionally prepares the meals and shops with her husband when she feels up to it, but that she usually feels tired and weak, and has no energy. Plaintiff reported having lost some twenty-five pounds during the course of her illness [Tr. 21–23].

Plaintiff's husband confirmed that she was very weak on occasion. He testified that he believed plaintiff is determined to keep going and that she refuses to report the true extent of her illness to the doctors [Tr. 25–26].

In his decision, the administrative law judge found from the evidence adduced that the plaintiff was not precluded from returning to her prior occupation as a checker and marker and, thus, was not under a "disability" as defined in the Social Security Act.

With respect to plaintiff's diabetes, both Dr. Watson's report of January 5, 1978, and Dr. Jasper's report of February 7, 1978, found her diabetic condition to be under reasonably good control. Dr. Watson indicated that plaintiff does not have any stigmata of diabetes mellitis. Dr. Jasper also reported that her condition is expected to improve. Diabetes has been found to be a remedial condition and not disabling within the meaning of the Social Security Act. See Entrekin v. Weinberger, 477 F.2d 561 (5th Cir. 1973); Jenkins v. Gardner, 430 F.2d 243 (6th Cir. 1970), cert. denied, 400 U.S. 1001, 91 S.Ct. 472, 27 L.Ed.2d 452 (1971); Knox v. Finch, 427 F.2d 919 (5th Cir. 1970).

The administrative law judge also had evidence before him to the effect that neither the plaintiff's pancreatitis nor her high blood pressure is disabling. Both Dr. Watson and Dr. Jasper reported that plaintiff had undergone the pancreatectomy with excellent results and was doing very well. With respect to her problem of high blood pressure, plaintiff testified that the problem was controlled by medication.

Plaintiff places heavy emphasis on Dr. Moor's assessment as to the extent of her disability. It is clear, however, that medical opinions are not conclusive as to the ultimate fact of disability. Behnen v. Califano, 588 F.2d 252, 254 (8th Cir. 1978); Allen v. Weinberger, 552 F.2d 781, 785 (7th Cir. 1977). The factual determination as to whether the plaintiff's impairment renders her unable to engage in any substantial gainful activity is to be made by the Secretary alone and if his decision is supported by substantial evidence, it must be upheld. Floyd v. Finch, 441 F.2d 73, 76 (6th Cir. 1971); Brown v. Finch, 429 F.2d 80, 82 (5th Cir. 1970).

However, the plaintiff asserts that Dr. Moor's opinion of total disability is uncontroverted and, thus, cannot be ignored by the administrative law judge. The Court is of the view that this assertion must fail. Dr. Moor's opinion is clearly controverted by Dr. Jasper's finding of employability. The administrative law judge's decision spe-

cifically noted these conflicting opinions and decided against the plaintiff. "It is for the Secretary as the trier of fact to resolve conflict in the evidence, and this Court will not reweigh the evidence." *Poore v. Matthews, supra,* 419 F.Supp. at 145 (D.Neb. 1976); *see also Timmerman v. Weinberger, supra,* 510 F.2d at 444; *Jenny v. Califano,* 459 F.Supp. 170, 172–73 (D.Neb.1978).

Plaintiff further contends that less emphasis should have been placed on the report of Dr. Jasper since the doctor only examined the plaintiff once. In support, the plaintiff relies on the Eighth Circuit opinion in *Landess v. Weinberger,* 490 F.2d 1187 (8th Cir. 1974).

■ Plaintiff's reliance is misplaced. In *Landess,* the overall evidence was clearly underdeveloped and the Eighth Circuit specifically expressed dissatisfaction with the Secretary's reliance on reports of medical advisors made *without* a personal examination of the claimant as substantial evidence. *See Landess v. Weinberger, supra,* 490 F.2d at 1189–90. In this case, Dr. Jaspers did conduct a total examination of the plaintiff and based his opinions on that examination. To constitute substantial evidence, a medical report need not be from a physician who regularly examines the claimant. It is sufficient that the report be prepared by a physician who examines the claimant and that the report contains medical findings in the doctor's area of competence. *Richardson v. Perales, supra,* 402 U.S. at 402–06, 91 S.Ct. 1420. Moreover, Dr. Jasper's report is clearly supported by the reports of Dr. Watson, one of the plaintiff's physicians.

■ Finally, the plaintiff asserts that the administrative law judge did not fully evaluate the evidence and that further medical evidence should have been obtained. In his decision, the administrative law judge specifically states that there was careful consideration given to all testimony and documents of record. In addition, his consideration included plaintiff's subjective complaints. However, subjective evidence does not take precedence over conflicting medical evidence. *Laffoon v. Califano,* 558 F.2d 253, 255 (5th Cir. 1977). In light of the

record, the Court does not believe that the taking of more evidence was necessary.

Therefore, on the basis of the evidence presented in the record, it is apparent that the Secretary's final decision was based on substantial evidence and the decision should be affirmed.