863 F.2d 48
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Peter JURSKI, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-4158.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1988.
 
 Before KEITH, NATHANIEL R. JONES and MILBURN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff, Peter Jurski ("Jurski"), appeals from the district court's order granting summary judgment in favor of the Secretary. For the reasons set forth below, we AFFIRM.
 
 
 2
 Jurski filed an application for disability benefits pursuant to the Social Security Act, 42 U.S.C. Secs. 416(i), 423 (1983), alleging disability commencing November 6, 1984, due to myocardial revascularization and lung disease. This application was denied initially by the Social Security Administration on July 2, 1984, and upon reconsideration on September 21, 1984.
 
 
 3
 A hearing was held before an Administrative Law Judge ("ALJ") on February 5, 1985. On April 29, 1985, the ALJ again denied Jurski's application for disability benefits. This decision was affirmed by the Appeals Council on September 4, 1985, and became the final decision of the Secretary.
 
 
 4
 Jurski then filed suit in the United States District Court for the Northern District of Ohio, seeking judicial review of the Secretary's decision pursuant to 42 U.S.C. Secs. 405(g), 1383(c)(3). By consent of the parties, a United States Magistrate assumed jurisdiction of the case. The Magistrate denied Jurski's motion for summary judgment; granted the Secretary's motion for summary judgment; and affirmed the Secretary's decision in a Judgment, Memorandum and Order entered on October 28, 1987.
 
 
 5
 At the time of the administrative hearing, Jurski was 52 years old. He has completed high school and a welding course. From 1955 to 1984, Jurski worked as a foundry and fabrication welder.
 
 
 6
 On January 26, 1984, Jurski underwent a double coronary bypass operation. He subsequently experienced a good recovery from that procedure. Dr. Craig T. Hopple, Jurski's internist, described the results of his March 28, 1984, graded exercise stress test as normal. The Secretary's consulting physicians, Doctors George R. Hoeflinger and M.J. Cho, concurred in this diagnosis.
 
 
 7
 Jurski has also been found to suffer from silicosis. On May 30, 1984, Dr. Paul L. Bell, claimant's physician, reported that Jurski experienced shortness of breath on exertion and frequent respiratory infections. In 1969, Jurski was found to have tuberculosis which subsequently showed clearing.
 
 
 8
 Several physicians submitted reports discussing Jurski's medical impairments and ability to work. Dr. Hopple wrote, on May 10, 1984, that Jurski can do no lifting over 20 pounds. Dr. Hopple stated, however, that Jurski can do full-time sedentary work. Such work was defined as involving mostly sitting, occasional standing and a requirement to lift no more than 10 pounds. On May 10, 1984, Dr. Bell stated that Jurski can perform work involving mild to moderate physical exertion. On January 21, 1985, Dr. Bell concluded that Jurski is permanently disabled. Dr. Bell did not, however, provide the basis for his change of opinion. The Secretary's consulting physicians, Doctors Hoeflinger and Cho, reviewed the medical records and concluded that Jurski can do medium work. Such work is defined as frequently lifting up to 25 pounds and occasionally lifting up to 50 pounds. According to Doctors Hoeflinger and Cho, Jurski's pulmonary condition and post-operative cardiac condition do not indicate severe impairments.
 
 
 9
 At the administrative hearing, Jurski testified that since his heart surgery, he suffers diminished strength, shortness of breath and becomes fatigued more easily. Due to his cardiac condition, lung impairments, and intake of multiple prescription drugs, Jurski stated that he must lie down and rest frequently throughout the day. Jurski testified, however, that he drives, cleans house, dusts, makes beds, washes dishes, shops, takes walks, golfs, fishes, and tends to his personal needs.
 
 
 10
 At the hearing, Sharon Washington, a vocational expert, testified that Jurski remains capable of performing a number of jobs that are to be found in the national economy, including small-parts assembly and sorter-inspector positions, which generally fall between the classifications of light and sedentary work.
 
 
 11
 The ALJ found that Jurski does not suffer from any individual condition or combination of conditions that meet or exceed the Secretary's listings for medical impairments. See 20 C.F.R. Sec. 404, Subpt. P, App. 1 (1988). Relying substantially on the Medical-Vocational Guidelines and the vocational expert's testimony, the ALJ concluded that there are a significant number of unskilled jobs which Jurski can perform in the national economy. See 20 C.F.R. Secs. 404.1501-1599.
 
 
 12
 The ALJ and the Secretary concluded that Jurski is not disabled because his impairments do not deprive him of the residual functional capacity to perform between light and sedentary work. The district court found substantial evidence to support the Secretary's decision. We agree.
 
 
 13
 Our review of the Secretary's decision is limited to determining whether there is substantial evidence in the record to support the findings. " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health & Human Services, 667 F.2d 524, 535 (6th Cir.1981), cert. denied, 461 U.S. 957, (1983), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971). In determining this question, we review the evidence in the record taken as a whole. Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980). The possibility of drawing inconsistent conclusions from the record does not prevent the Secretary's finding from being supported by substantial evidence. It is the function of the Secretary and not the courts to weigh the evidence and to resolve material conflicts in the record. Ragan v. Finch, 435 F.2d 239 (6th Cir.1970), cert. denied, 402 U.S. 986 (1971).
 
 
 14
 The Social Security Act provides disability benefits only to those individuals who are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment...." 42 U.S.C. Sec. 423(d)(1)(A). If, pursuant to federal regulations, the claimant has a medical condition which meets or exceeds the Secretary's listings of impairments, then the claimant can be found disabled on the medical evidence alone. If, however, the claimant has a severe, but non-listed impairment, then the Secretary must determine whether the claimant can pursue his former occupation. Claimants who can perform past relevant work are not entitled to disability benefits. If the claimant cannot perform his past relevant work, then the Secretary must consider "the claimant's residual functional capacity, that is, the level of work the claimant is able to perform (sedentary, light or medium) and the claimant's vocational factors--age, education and prior work experience." Kirk, 667 F.2d at 528; see 20 C.F.R. Sec. 404.1520.
 
 
 15
 To determine the residual functional capacity of a claimant, the ALJ is authorized to conduct hearings and to examine witnesses. See 20 C.F.R. Secs. 404.1682-1683. The ALJ retains broad discretion in the examination of vocational experts. Peoples v. Richardson, 468 F.2d 601 (5th Cir.1972). Hypothetical questions posed to the expert witness need only enumerate those physical and mental impairments of the claimant which the ALJ accepts as true and significant. Such hypothetical questions must be supported by the medical evidence of record. Meredith v. Bowen, 833 F.2d 650, 654 (7th Cir.1985). This Court has concluded that "[s]ubstantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.' " Varley v. Secretary of Health & Human Services, 820 F.2d 777, 779 (6th Cir.1987), quoting Podedworney v. Harris, 745 F.2d 210, 218 (3d Cir.1984).
 
 
 16
 Initially, there has been no dispute over the Secretary's conclusion that Jurski does not suffer from a condition or combination of medical conditions which meet or exceed the listing of impairments. Both parties agree that Jurski cannot return to his past relevant job doing semi-skilled heavy work. The Secretary has assumed the burden of identifying alternative work which Jurski can perform given his age, education, and work experience. See Barney v. Secretary of Health & Human Services, 743 F.2d 448, 449 (6th Cir.1984).
 
 
 17
 After considering the medical evidence of record, the testimony of vocational experts, and Jurski's age (52 years old), education (high school diploma), and work experience (non-transferable welding skills), the Secretary determined that claimant can perform substantial gainful activity in the national economy. Specifically, the Secretary found that Jurski has a residual functional capacity to perform between sedentary and light work. This finding of non-disability is supported by claimant's account of his regular daily activities which indicate that his impairments do not preclude light work. See Powell v. Heckler, 741 F.2d 221, 223 (8th Cir.1984). Jurski testified that he experiences chest pain, requires bedrest throughout the day and has difficulty walking long distances. The Secretary found, however, that Jurski's complaints were not corroborated by sufficient medical evidence of record. See 42 U.S.C. Sec. 423(d)(5).
 
 
 18
 The Secretary's finding that Jurski can perform sedentary to light work is substantiated by the claimant's internist, Dr. Hopple, and the Secretary's medical examiners, Doctors Hoeflinger and Cho. Although Dr. Bell, claimant's second treating physician, originally concurred in Dr. Hopple's opinion, he later concluded that the claimant was disabled. We find, however, that the Secretary was justified in discounting Dr. Bell's testimony. First, Dr. Bell did not posit justifications for his change of opinion. Second, Dr. Bell did not provide sufficient medical data to support his opinion of Jurski's disability. See Houston v. Secretary of Health & Human Services, 736 F.2d 365, 367 (6th Cir.1984). Third, Dr. Bell's statement that Jurski was "totally and permanently disabled" is a legal conclusion which is not binding on the Secretary. 20 C.F.R. Sec. 404.1527.
 
 
 19
 To dispute the Secretary's finding of non-disability, Jurski argues that the ALJ erred in his examination of the vocational expert. After the vocational expert was posed a hypothetical question discussing an individual with medical conditions and work abilities comparable to those of Jurski, the expert stated that such an individual could perform small parts assembly and inspector-sorter jobs which are readily available in the national and local economy. Jurski contends that the hypothetical question posed to the vocational expert was incomplete because it failed to consider subjective evidence--the totality of his alleged disability caused by both his cardiac condition and lung impairments.
 
 
 20
 Jurski correctly notes that the Secretary is directed to consider the combined effect of multiple impairments in disability determinations. See Barney, 743 F.2d at 453. We find, however, no error in the ALJ's construction of the hypothetical question discussing Jurski's work abilities and medical conditions. Initially, none of Jurski's ailments met or exceeded the requirements of the Secretary's listed impairments. Second, Jurski fails to evidence his assertion of a severe and permanent disability resulting from heart disease. Doctors Hopple, Hoeflinger, and Cho have explained that claimant enjoyed a good recovery from heart surgery and remains a candidate for substantial rehabilitation. Third, medical evidence of a combined effect of Jurski's heart and lung disease was presented solely by Dr. Bell. Because Doctors Hopple, Hoeflinger, and Cho issued statements opposing Dr. Bell's conclusions, the ALJ correctly concluded that Jurski's combined ailments do not preclude his performance of sedentary to light work. Thus, the ALJ was justified in posing the challenged hypothetical question to the vocational expert.
 
 
 21
 Jurski next argues that the hypothetical question was flawed because it did not discuss all of his alleged limitations, especially his difficulty walking long distances and his need for bedrest throughout the day. We hold, however, that the ALJ correctly based the hypothetical question on accurate and objective medical evidence of Jurski's condition. See Meredith, 833 F.2d at 654; Varley, 820 F.2d at 779. Even though Jurski contends that he must rest throughout the day and has difficulty walking long distances, no medical evidence was presented to support these claims. Both Doctors Hoeflinger and Cho have stated that Jurski's pulmonary function studies and status after coronary bypass surgery do not indicate severe impairments. Moreover, Dr. Hopple found that claimant can sit for eight hours, walk for four hours, and stand for four hours per work day. At the administrative hearing, Jurski testified to his full range of daily activities and stated that he can walk for one-half mile without difficulty. Thus, the ALJ properly ignored Jurski's unsubstantiated allegations of severe limitations and posed hypothetical questions based on the evidence of record.
 
 
 22
 We have found Jurski's arguments to be unpersuasive. The record reveals that the ALJ did not err in his examination of the expert witness nor in his consideration of the objective medical evidence. We hold that substantial evidence exists to support the decision of the Secretary that Jurski retains the residual functional capacity to perform sedentary to light work. Accordingly, we AFFIRM the decision of the district court.