895 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul M. MILLER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-3486.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1990.
 
 Before WELLFORD and RALPH D. GUY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claimant, Paul Miller, appeals from a denial of social security disability benefits and supplemental security income benefits. Miller claims that the Secretary's conclusion that he has the residual functional capacity to perform substantial gainful activity is not supported by substantial evidence.
 
 
 2
 Upon a full review of the record, we conclude that the Secretary's decision is supported by substantial evidence and affirm.
 
 I.
 
 3
 Miller was born in 1931 and has an eighth-grade education. Most of his working life was spent as a truck driver, but he has not done this type of work since 1981. His primary work activity since then has been as a self-employed cattle breeder.[1] His primary medical problems are essentially benign hand tremors, recurrent rectal abscesses, and an acute reactive anxiety disorder. Although these problems are severe, they do not meet or equal an impairment listed in the Listing of Impairments, whether considered singly or in combination. Neither do they result in any exertional limitations on claimant's ability to perform basic work activity. Miller is limited, however, insofar as fine manipulation is concerned, and his recurrent rectal abscesses preclude prolonged sitting. It is also conceded that his emotional problems and his anxiety would preclude jobs requiring managerial responsibilities.
 
 
 4
 The day-to-day life of Miller is a normal one, given his economic limitations. He does a considerable amount of gross physical activity tending his eighty-acre farm and his cattle. His social and family life are normal.
 
 
 5
 Miller's principal claim to entitlement to benefits stems from the opinion of Dr. Charles E. Barger, D.O., who began treatment of the claimant in 1986. Dr. Barger concluded that Miller was "totally disabled for any type of gainful employment." (App. 246). This conclusion is based upon Miller's tremors, but Dr. Barger does not specify what work-related limitations result from the tremors.
 
 
 6
 Offsetting Dr. Barger's conclusion are those of other doctors. Dr. Barger referred Miller to a neurologist, Dr. Eduardo Calderon, M.D. Dr. Calderon adjusted the medication that Miller was taking for his tremors, and concluded that claimant's tremors were of "moderate severity" causing "difficulty in fine motor skills." (App. 240). Dr. Calderon also found:
 
 
 7
 The only abnormal finding in the neurological examination was the presence of a rather coarse tremor in both upper extremities, mainly postural but also present to some degree during action, in cerebellar testing. Otherwise, he was alert and fully oriented, with a normal mental status, normal language and normal symbolic functions. The cranial nerves were normal I-X-II. Stance, gait and Rombert tests were normal. The motor examination showed no signs of minimal lateralized weakness in the upper or lower extremities and to direct testing there was normal muscle mass, normal muscle tone and normal muscle strength in all four limbs.
 
 
 8
 (App. at 239-40).
 
 
 9
 Since the medical evidence indicated that Miller had anxiety problems, he was referred to a psychiatrist, J.M. Kenyon, M.D., for a consultative examination. Dr. Kenyon concluded that while the claimant tended to avoid exposure to the general public due to embarrassment over his hand tremors, he suffered from no gross psychiatric disorder, and the tremors did not have a psychological or psychiatric basis. Dr. Kenyon also concluded that the claimant is able to understand, remember, and carry out simple one or two-step job instructions; to interact with supervisors and co-workers; to deal with the public; and maintain concentration and attention. Lay testimony from friends and relatives also supports the conclusion that claimant does not suffer from debilitating emotional problems. The psychiatric and lay testimony, when combined, support the Secretary's finding that Miller's anxiety is of an acute and situational nature rather than chronic. This conclusion is further supported by the opinion of Dr. Murtiff, the claimant's family physician since 1971. Dr. Murtiff did not view the claimant's anxiety problems as disabling. (App. 213).
 
 
 10
 The medical evidence in the record also fails to support disability as a result of Miller's problem with rectal abscesses. Although the problem is a recurrent one, Miller lived with it while still working as a truck driver. The last time an abscess had to be drained was 1982, and no further medical treatment was then required until 1984. The condition, when it occurs, is painful, but not disabling.
 
 
 11
 When all of the medical evidence is reviewed, we find that the administrative law judge (ALJ) properly discounted the conclusions of Dr. Barger and found no combination of medical problems which would result in an inability to perform substantial gainful employment.
 
 II.
 
 12
 The ALJ also had the benefit of the testimony of a vocational expert (VE), Dr. Durgin. Although it was conceded that Miller could not return to work as a truck driver, Dr. Durgin testified that there were a number of other jobs, both semi-skilled and unskilled, existing in Ohio and the national economy, that Miller could perform. Although Miller complains that the VE was presented with an improper hypothetical, we disagree. The ALJ retains broad discretion in the examination of vocational experts. Peoples v. Richardson, 468 F.2d 601 (5th Cir.1972). Hypothetical questions posed to the expert witness need only enumerate those physical and mental impairments of the claimant which the ALJ finds supported by the medical evidence in the record. Meredith v. Bowen, 833 F.2d 650, 654 (7th Cir.1987).
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 The ALJ concluded that the cattle breeding was only a hobby and any skills acquired cannot be considered as transferrable work skills