Emil C. TIMMERMAN, Appellant,

v.

Caspar WEINBERGER, Secretary of
H.E.W., Appellee.

Kenneth MARKS, Appellant,

v.

Caspar WEINBERGER, Secretary of
H.E.W., Appellee.

Nos. 74–1434, 74–1435.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 11, 1974.

Decided Jan. 29, 1975.

440

Harry J. Nichols, St. Louis, Mo., for appellants.

Patrick Glynn, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before ROSS and STEPHENSON, Circuit Judges, and SCHATZ,* District Judge.

ROSS, Circuit Judge.

These two cases are separate appeals from judgments of the district court which sustained the denial of disability insurance benefits to the appellants by the Secretary of Health, Education and Welfare. Both appellants applied for period of disability and disability insurance benefits as provided in the Social Security Act §§ 216(i) and 223, 42 U.S.C. §§ 416(i) and 423. These claims were refused by the Social Security Administration. Both appellants fully exhausted their administrative remedies, including hearings before administrative law judges and adverse decisions from the Appeals Council. They then brought actions in the district court under section 205(g) of the Act, 42 U.S.C. § 405(g), seeking judicial review of the Secretary's determinations regarding their separate claims. These appeals were consolidated for submission to this Court by order dated November 4, 1974. We affirm the judgments in both cases.

*General rules applicable.*

Under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), this Court may only review the Secretary's decision regarding disability insurance to determine whether or not it is supported by substantial evidence in the record as a whole. "Substantial evidence," in turn, has been defined for purposes of the Act as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting from Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

The Secretary must decide whether or not the claimant is "disabled" as that term is defined by sections 223(d)(1)(A) and 223(d)(2) of the Act, 42 U.S.C.

* ALBERT G. SCHATZ, United States District Judge for the District of Nebraska, sitting by designation.

§§ 423(d)(1)(A) and 423(d)(2),[1] and the court opinions construing that statute.

■ Our Court has stated that to meet the statutory definition of disability, the claimant must fall within the threefold requirement "(1) that there be a medically determinable physical or mental impairment which can be expected to [result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months], (2) that there be an inability to engage in any substantial gainful activity, and (3) that the inability be by reason of the impairment." Yawitz v. Weinberger, 498 F.2d 956, 959 (8th Cir. 1974) (quoting from Garrett v. Richardson, 471 F.2d 598, 599–600 (8th Cir. 1972)).

■ In reviewing the record to ascertain whether there is substantial evidence to support the Secretary's finding that a claimant has not met this threefold requirement the court should look at four elements of proof:

(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; (4) the claimant's educational background, work history and present age.

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972).

■■ In the instant cases, as in most, the major area of contention centers around the second prong of the threefold requirement: that there be an inability to engage in any substantial gainful activity. It is clear that the claimant need not be a total "basket case" before the courts find that there is an inability to engage in substantial gainful activity. *See, e. g.,* Yawitz v. Weinberger, *supra.* The question must be looked at in a practical manner, and mere theoretical ability to engage in substantial gainful activity is not a sufficient basis to deny benefits. The test is whether a particular job is realistically within the physical and mental capabilities of the claimant. Thomas v. Richardson, 371 F.Supp. 362, 364 (S.D.N.Y.1974); Lebron v. Secretary of H.E.W., 370 F.Supp. 403, 407 (D.P.R. 1974).

■ On the other hand, it is clear that "it is not the duty or the burden of the Secretary to find a specific employer and job for the claimant but, instead, some effort and some ingenuity within the range of the claimant's capacity remains for him to exercise." Yawitz v. Weinberger, *supra*, 498 F.2d at 960 (quoting from Garrett v. Richardson, *supra*, 471 F.2d at 600). As stated in Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S. 933, 94 S.Ct. 2646, 41 L.Ed.2d 237 (1974).

[T]he relevant inquiry is not whether the claimant is able to obtain employment at some substantial activity that exists in the national economy but whether the claimant is able to engage in such activity.

1. Section 223(d) of the Act, 42 U.S.C. § 423(d), provides:

(d)(1) The term "disability" means—
(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; or

 * * * * * *

(2) For purposes of paragraph (1)(A)—
(A) an individual (except a widow, surviving divorced wife, or widower for purposes of section 402(e) or (f) of this title) shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

██ In this connection it should be kept in mind that a "claimant will not be found disabled and entitled to benefits merely because he is unable to perform his former work." Rolenaitis v. Richardson, 336 F.Supp. 1235, 1237 (E.D.Pa. 1972), aff'd, 475 F.2d 1396 (3d Cir. 1973). But the majority of courts have held that once a claimant demonstrates that his impairment is so severe as to preclude him from performing his former work, the burden shifts to the Secretary to prove that there is some other kind of substantial gainful employment which the claimant could perform. Stark v. Weinberger, 497 F.2d 1092, 1097–1098 (7th Cir. 1974).

With these legal standards in mind we turn to an analysis of the records in the two cases at bar.

*Timmerman, No. 74–1434.*

Emil C. Timmerman was born in 1922. On June 19, 1972, he applied for period of disability and disability insurance benefits alleging that he became unable to work during May 1970, because of nerve compression in the neck, heart trouble and partial paralysis in the hands and arms. The Social Security Administration and the Secretary denied the claim after a hearing was held on March 28, 1973.

 Our review of the record reveals that the Secretary's determination that Timmerman was not disabled prior to December 31, 1972, the date that he last met the special earnings requirement of 42 U.S.C. § 416(i)(3), is supported by substantial evidence. It must be remembered that the claimant has the burden of establishing his claim. Yawitz v. Weinberger, *supra*, 498 F.2d at

959; Celebrezze v. Bolas, 316 F.2d 498, 500 (8th Cir. 1963). Yet there is no medical evidence in the record from which it can be concluded that Timmerman was unable to engage in any substantial gainful activity prior to the end of 1972. Rather, all that is shown is a series of hospitalizations, each of which may have temporarily disabled him, and a series of ailments to his back which taken together would make it impossible for him to return to his former occupation as a paper handler. There is, however, no indication in the medical record that Timmerman's impairments were such as to render him incapable of performing the types of jobs mentioned by the vocational expert, Mr. John A. Behrens, who testified that there were jobs in the national economy that Timmerman could perform given his education, vocational experience and residual capabilities, assuming that his impairments did not preclude light or sedentary work. Specifically, Mr. Behrens stated that Timmerman could work as an assembler of electrical equipment or appliances, a packer in the printing, candy or textile industry, a sales clerk in hardware, farm supplies or the nursery business, a service station attendant dispensing gas and oil, or a custodian in a school or other public building.[2]

*Marks, No. 74–1435.*

Kenneth Marks, born March 11, 1932, filed an application for disability insurance benefits on December 30, 1970. After his claim was initially rejected by the Social Security Administration, Marks ran the gamut of administrative review, including a hearing held before an administrative law judge on Novem-

---

2. It is instructive to compare Timmerman's case with Yawitz v. Weinberger, 498 F.2d 956 (8th Cir. 1974). In *Yawitz* this Court held that the pain associated with chronic migraine headaches did create a disability under the Act. However, in that case there was medical testimony from the claimant's personal physician to the effect that whenever a headache struck, the claimant's work would be "erratic." Also in *Yawitz* the claimant had attempted gainful employment over a number of years and had found that the frequency and intensity of the headaches was increasing to the point where he simply could not function in any work situation. In the instant case, on the other hand, there is no medical evidence whatsoever suggesting that Timmerman's back pain would affect his work. And Timmerman himself has made no attempt to function in any gainful employment since he suffered the sprained shoulder in 1970.

ber 16, 1972. Marks' claim of disability centered around difficulties he has had with his right knee, ankle and foot since he fell at work on July 7, 1969.

It is unnecessary to detail all of the evidence regarding the condition of Marks' leg. It is clear from a review of the medical reports that Marks recovered well from two operations, and that healing was complete. He has near normal movement in his knee. However, he does continue to have swelling in his right leg and pain in his foot and ankle of indeterminate origin. Most of the medical reports attribute a great deal of Marks' leg problem to his obesity. Marks is 5 feet 10½ inches tall and weighs between 325 and 350 pounds.

■ After a careful review of the record we are satisfied that, while there is conflicting evidence on the issue, there is also substantial evidence to support the conclusion that at the time of the hearing Marks was not disabled for purposes of the Social Security Act. It is for the trier of fact—in this case the Secretary—to resolve conflicts in the evidence, and that resolution must be respected by this Court so long as it is supported by substantial evidence. Celebrezze v. Bolas, *supra*, 316 F.2d at 500–501.

Marks contends, however, that even if there is substantial evidence to support this conclusion, he still established that he was totally disabled for over twelve months commencing with the date of the first operation on his knee, February 10, 1970, and is, therefore, eligible for period of disability benefits. He bases this argument on the fact that Marks' employer's workmen's compensation insurer paid for temporary total disability for a period of over seventy-nine weeks.

■ The fact that the workmen's compensation insurer paid temporary total disability benefits is not binding on the Secretary, who must determine whether a claimant is disabled solely under the standards of the Act. 20 C.F.R. § 404.1525 (1974). *See* Little v. Richardson, 471 F.2d 715, 716 (9th Cir. 1972); Nelms v. Gardner, 386 F.2d 971, 973–974 (6th Cir. 1967).

■ The medical evidence relating to this period reveals that Marks was unable to return to his former job as a machinist working at a die casting machine. It does not, however, establish that he was disabled within the definition of the Act. All the physicians who saw him at this time (the year and a half period after his initial operation in February 1970) noted the impairments in his right leg, but none indicated that he could not engage in some form of substantial gainful activity in spite of them. In fact, Dr. Robert E. Funsch, an orthopedic surgeon, after examining Marks on November 10, 1970, concluded that Marks "has been advised to continue with his exercises, continue with his activities and return to work as soon as possible." In short, while Marks was medically unable to resume his former occupation during the seventy-nine week period, there is no evidence that within a reasonable time after his last operation on July 7, 1970, he could not engage in some substantial gainful activity. He, therefore, did not carry his burden of establishing the claim. Yawitz v. Weinberger, *supra*, 498 F.2d at 959; Celebrezze v. Bolas, *supra*, 316 F.2d at 500.

### Conclusion

For the reasons heretofore discussed, the district court judgments in both of these appeals are affirmed.