**Elnora JOHNSON, Appellant,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Appellee.**

**No. 77–1814.**

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1978.

Decided March 15, 1978.

Kim C. Brown, Shirley Allen and J. L. Whaley, The Legal Aid Society of the City and County of St. Louis, St. Louis, Mo., for appellant.

Robert D. Kingsland, U. S. Atty., and Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

HEANEY, Circuit Judge.

Elnora Johnson appeals from an order of the District Court affirming the final determination of the Social Security Administration denying her disability insurance benefits under 42 U.S.C. § 423. We reverse and remand.

Johnson filed an application for disability insurance benefits on May 20, 1975. The application was considered and reconsidered by the Social Security Administration and benefits were denied. Johnson then requested a hearing before an administrative law judge which was held on May 20, 1976. The administrative law judge denied her claim on September 9, 1976, and the Appeals Council affirmed the decision on January 5, 1977. Johnson filed this action in the District Court seeking to review the decision. Cross-motions for summary judgment were filed and the District Court granted summary judgment in favor of the Secretary. On appeal, Johnson argues that

the decision of the Secretary of Health, Education and Welfare was not supported by substantial evidence.

Johnson is a black fifty-six-year-old widow with a third grade education. She has worked principally as a domestic and restaurant worker. At her hearing, she testified that her disabilities include headaches, arthritis, gallbladder, right side and right leg aches and high blood pressure. She last worked on May 9, 1975, when she was a cleanup woman at an office building where she had worked almost three years. She has not attempted to find work since that time.

Johnson's disability report and her testimony shows that she left her job because of dizziness caused by her high blood pressure. When she became dizzy, it was necessary for her to sit down until the dizziness left her. These dizzy spells prevented her from working steadily. This is reflected in the attendance problems she encountered on her job shortly before she left.

Johnson also complained of severe headaches that prevent her from engaging in normal activities. She testified that she cannot lift heavy objects, sit for long periods without stiffness, or walk any distance without pain.

There was extensive medical evidence received in the case. Johnson was an outpatient at St. Louis University Hospital from April 6, 1973, through October 17, 1975. She was treated during this period for hypertension and arthritis. In November of 1974, she went to the hospital for headaches, side pain and hypertension. Her hypertension was controlled at that time by medication. However, on February 18, 1975, Johnson again complained of headaches, dizziness and joint pains. A follow-up examination one week later showed that her condition had improved.

C. E. Hogan, M.D., was Johnson's regular physician from 1970 through 1975. His records indicate that Johnson has a history of hypertension and that she suffered from arthritis, hypertrophic spurring and anxiety.

Johnson visited Harry Agress, M.D., on December 10, 1975, for a medical evaluation at the request of the Social Security Administration. Dr. Agress indicated that Johnson had a history of hypertension, cardiac arrhythmia, obesity and the possibility of arthritis and gallbladder disease. He noted that when her blood pressure was high, she tended to have nausea and severe headaches. During her examination, Johnson's blood pressure was normal, and Dr. Agress felt that medication was responsible for this. He concluded that she did not have any severe disabling disease.

Johnson was admitted to St. Louis University Hospital on April 15, 1976, with complaints of severe headaches. She was discharged on April 30, 1976. These headaches were more severe than those she had previously experienced. The first such headache occurred a week before her admittance and happened in City Hospital. She was given medication, but within twenty minutes, she returned with another severe headache. Her blood pressure was taken immediately and was found to be abnormally high. Although her condition was improved on discharge, medication did not relieve the headaches. The final diagnosis was idiopathic hypertension, headaches secondary to the hypertension and empty sella syndrome.

The claimant has the burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). *Yawitz v. Weinberger,* 498 F.2d 956, 959 (8th Cir. 1974). In order to meet the statutory definition, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months or result in death and an inability to engage in substantial, gainful activity. The claimant must also demonstrate that she is unable to engage in substantial, gainful activity because of her impairment. *Timmerman v. Weinberger,* 510 F.2d 439, 442 (8th Cir. 1975). The claimant has the burden of showing an inability to perform her past occupation due to the medically determinable ailment. Once she has done so, the burden shifts to the Secretary to

show that the claimant can perform some other type of substantial, gainful employment. *See, e. g., Thompson v. Mathews,* 561 F.2d 1294, 1296 (8th Cir. 1977); *Timmerman v. Weinberger, supra* at 443. Since the Secretary did not offer any evidence that Johnson could perform some other type of work, the issue in this case is whether her impairments precluded her from returning to her former occupation.

■ The first step of *Timmerman* was clearly met. It is undisputed that Johnson suffered from hypertension, degenerative arthritis and nervousness. Johnson's own testimony establishes that she could not work because of the dizziness and headaches caused by her hypertension. The severity and frequency of this condition is well documented in the medical records. However, the administrative law judge concluded that Johnson's condition was not disabling because her hypertension was controlled with medication. This conclusion is unsupported by the evidence in the record.

The report of Dr. Agress was given considerable weight in the administrative law judge's decision. Dr. Agress stated that he did not believe the complaints were of sufficient severity to be disabling. Dr. Agress examined Johnson only once and her blood pressure was normal during that visit. He was unsure whether this resulted from her medication. This diagnosis does not address the heart of Johnson's complaint.

The uncontradicted medical evidence shows that Johnson's hypertension medication was, at best, only partially successful. There may have been periods when Johnson's hypertension was under control such as the time she was examined by Dr. Agress. There have been many times, however, when Johnson's hypertension was not controlled by medication. The discharge summary from the St. Louis University Hospital states that her severe headaches were "unrelieved by any maneuvers or medications."

Johnson has complained of headaches and dizziness since 1973, and her complaints have become more frequent in recent years in spite of medication. The headaches and dizziness have prevented her from functioning in a structured work situation even if there are periods when she does not experience them. *See Yawitz v. Weinberger, supra.* Thus, Johnson was precluded from working at her prior occupation because of the headaches and dizziness that resulted from her hypertension and the uncontradicted medical evidence demonstrates that her hypertension was not controlled in any significant degree by medication.

The fact that Johnson functioned in the past with these impairments is not substantial evidence of her present ability to work. The headaches and dizziness are increasing in severity. A condition which was tolerable at one time can deteriorate to the point that it becomes intolerable. *Yawitz v. Weinberger, supra* at 961.

We conclude that Johnson met the burden of proof at the hearing and established that she was disabled within the meaning of 42 U.S.C. § 423(d)(1). The Secretary's denial of disability benefits is not supported by substantial evidence on the record as a whole. The judgment of the District Court is reversed and the case is remanded with directions to grant summary judgment in favor of Johnson.