JoAnn H. HOLST

v.

The SECRETARY OF HEALTH, EDUCATION AND WELFARE OF the UNITED STATES.

No. Civ 77–5010.

United States District Court, D. South Dakota.

March 29, 1978.

**150**

John T. Hughes, Sturgis, S. D., for plaintiff.

David V. Vrooman, U. S. Atty., Sioux Falls, S. D., for defendant.

## MEMORANDUM OPINION

BOGUE, District Judge.

### I.

Plaintiff, JoAnn Holst, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Secretary of Health, Education and Welfare denying her claim for disability benefits.

Plaintiff first applied for disability benefits on October 7, 1975, stating that she became unable to work in her regular profession as registered nurse. The application was denied initially and, on reconsideration by the Bureau of Disability Insurance, was again denied. The Administrative Law Judge, before whom Plaintiff appeared represented only by her husband Kenneth Holst, found, *inter alia* 1) that the claimant met the special earnings requirement of the Act through June 30, 1973; 2) that "[t]he claimant was not under a 'disability' as defined in the Social Security Act . . . at any time prior to June 30, 1973."; 3) that "[t]he claimant, prior to June 30, 1973, had the capacity to perform substantial gainful activity including types of work in which she had previously been engaged as a registered nurse." (R.18) These findings became the final decision of the Secretary on January 11, 1977. Plaintiff contends that the decision was not based on substantial evidence. We agree and grant Plaintiff's Motion for Summary Judgment.

### II.

■ Section 405(g) of 42 U.S.C. provides that "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ." The Court may not review the matter *de novo.* At the same time, it is the duty of the Court to examine the record as a whole and to determine whether the conclusions reached are rational and whether substantial evidence in the record supports the Secretary's findings. Substantial evidence has been defined as "more than a scintilla, but less than a preponderance." *King v. Cohen,* 304 F.Supp. 148, 150 (D.N.C.1969). If such evidence exists, the Secretary's findings must be upheld. If, on the other hand, "reliance has been placed upon one portion of the record to the disregard of overwhelming evidence to the contrary, the courts are equally bound to decide against the Secretary." *King v. Cohen, supra,* at 151, *citing Park v. Celebrezze,* 214 F.Supp. 153 (W.D.Ark.1963).

■ Under the Social Security Act, the claimant has the burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). *Yawitz v. Weinberger,* 498 F.2d 956, 959 (8th Cir. 1974). In order to satisfy the statutory criteria, the claimant must also show that she has a medically determinable impairment that will last for at least twelve months and an inability to engage in substantial gainful activity be-

cause of that impairment. *Timmerman v. Weinberger,* 510 F.2d 439, 442 (8th Cir. 1975). More precisely:

> "The claimant has the burden of showing an inability to perform her past occupation due to the medically determinable ailment. Once she has done so, the burden shifts to the Secretary to show that the claimant can perform some other type of substantial gainful employment." *Johnson v. Califano,* 572 F.2d 186 (8th Cir. 1978), 77–1814 (March 15, 1978).

### III.

The record shows that JoAnn Holst is a registered nurse. Since the onset of her illness in 1962 she has been employed in that capacity to the extent that her health permitted. As of May of 1972, however, she states that she was no longer able to continue working.

The medical records establish that since May of 1962 Mrs. Holst has undergone repeated hospitalizations at the Human Services Center in Yankton, South Dakota, for treatment of mental illness. Her first commitment was on May 31, 1962, when she was diagnosed as suffering from schizophrenia, acute undifferentiated type with paranoid features. She was discharged on trial (D.O.T.) in June of that year and regularly discharged on July 24, 1963, but Mrs. Holst was again admitted in July of 1964. At that time, Dr. Ozbek's records show, she was suffering from "acute auditory hallucinations" and was "extremely agitated [and] unmanageable." Mrs. Holst was discharged on trial in August of 1964 and regularly discharged on May 4, 1966 but was again admitted in August of 1969. Dr. Ozbek notes then that she was "acutely deluded, hallucinating and was occupied with her bodily functions." A remission of her psychotic symptoms was achieved and she was again placed on D.O.T. with heavy doses of medication. Prognosis was considered "poor".

Additional periods of hospitalization followed in 1970 and again in October of 1971 when the diagnosis of schizophrenia, paranoid type, which had been reached on the occasion of every other admission was reconfirmed by Dr. Wilfrido L. David. Mrs. Holst remained hospitalized, except for brief visits home, from October 13, 1971, until January of 1972. At that time she was discharged on trial. She was finally discharged on May 22 of 1973 but has since spent additional time in confinement.

In addition to in-hospital treatment, Mrs. Holst has, since the onset of her illness, received out-patient care at the West River Mental Health Center. Kevin Kelly, the psychiatric social worker treating her there, states that Mrs. Holst has had chronic disabling mental illness since 1962. Although during certain periods her illness has been partially controlled by drugs, it is his opinion that she is chronically ill, that her disability existed prior to June 30, 1973, has continued longer than twelve months and renders her incapable of functioning in her professional capacity. (R.111) In addition, Dr. L. L. Massa, an osteopath who has treated Mrs. Holst off and on over a period of some twenty years confirms, in letter dated November 8, 1976, that "Mrs. Holst has suffered with a schizoid type disability since before June 30, 1973, and has since that time continued to be disabled." (R.112) The medical evidence presented by Plaintiff is uncontradicted by any other evidence in the record.

By her own account, over the years Mrs. Holst became increasingly incapable of coping with the pressures of work. Her job as a nurse required her to do a variety of tasks including giving medication, charting, and assisting in surgery. A shift in 1965 to night work and in 1969 to work in a nursing home operated to some extent to ease her difficulties but, Mrs. Holst states in her Medical History and Disability Report:

> "In May, 1972 the emotional pressure became so bad I just couldn't go to work anymore . . . I became upset very easily over every little thing and became violent." (R.66)

About her condition at the time of applying for disability, Mrs. Holst stated:

> ". . . my children have to help me with most of the household duties. Some

days I can't think and organize things and then accomplish the desired task." (R.68).

The hearing examiner's conclusion that Mrs. Holst was not suffering from a disability within the meaning of the Act prior to June 30, 1973, seems to be based on the theory that upon discharge from a three month confinement at the Human Services Center in Yankton in January of 1972, Mrs. Holst's illness had become "amenable to treatment" and was no longer disabling; in other words, it was not a disability which could be expected to continue for at least twelve months. The examiner relies on the fact that Mrs. Holst was responding well to drugs, was allowed to return home and did not require permanent hospitalization. Mrs. Holst's Discharge Summary, prepared by Dr. Wilfrido David on January 28, 1972, presents a different picture. The Summary reaffirms all of the previous diagnoses of schizophrenia, paranoid type. While it indicates that a period of crisis in the course of this illness has passed, it in no way indicates that Mrs. Holst's disability has ceased. What this discharge summary indicates, what the record as a whole clearly establishes and what the psychiatric social worker's letter confirms is that Mrs. Holst is chronically ill. Although she has periods of lucidity, she is plagued by periods of profound confusion. She must remain on heavy doses of medication and is not able to function in the pressured environment of a hospital where her duties as a registered nurse require her to assist in surgery and otherwise perform the demanding and exacting tasks of patient care. The Court finds, as a matter of law, that Mrs. Holst has met her burden of showing that she is not capable of performing her past occupation and that the Secretary's finding to the contrary was not based on substantial evidence. The burden which the Secretary must then carry of showing that the claimant can perform some other type of gainful employment, *Johnson v. Califano,* 186 F.2d 572 (8th Cir. 1978), *supra,* has not been addressed by the Secretary and cannot reasonably be inferred from evidence in the record. The decision of the Secretary is, therefore, reversed and summary judgment in favor of Plaintiff is granted.