**Troy L. CLARKSON, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.**

**No. 78–1027–CV–W–5.**

United States District Court, W. D. Missouri, W. D.

Aug. 19, 1980.

**40**

John R. Shank, Jr., Von Erdmannsdorff, Zimmerman & Shank, Kansas City, Mo., for plaintiff.

Judith M. Strong, Asst. U.S. Atty., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SCOTT O. WRIGHT, District Judge.

Plaintiff brought this action under the provisions of 42 U.S.C. § 405(g) seeking judicial review of the defendant's final decision denying him Social Security disability benefits. The defendant has moved the Court for summary judgment or in the alternative motion for judgment on the pleadings, and the plaintiff has filed a motion for summary judgment. Both plaintiff and defendant have filed briefs in support of their respective motions. For the reasons stated below, the defendant's motion for summary judgment or in the alternative motion for judgment on the pleadings is denied, and the plaintiff's motion for summary judgment is sustained, and the decision of the defendant to deny the plaintiff Social Security disability benefits is reversed.

The plaintiff's present claim for disability benefits was filed on April 29, 1977. The applicant received consideration and reconsideration of his claim by the Social Security Administration and the claim was denied. On June 21, 1978, at plaintiff's request, a hearing was held at which plaintiff appeared unrepresented by counsel and testified. A vocational expert also appeared at said hearing and testified. On July 19, 1978, the Administrative Law Judge rendered a decision unfavorable to the plaintiff and found the plaintiff was not under a disability as defined in the Social Security Act. On October 24, 1978, the appeals counsel of the Social Security Administration affirmed the decision of the Administrative Law Judge. The plaintiff seeks judicial review of the Appeals Counsel's decision.

The form and scope of judicial review of the defendant's actions is statutorily defined and limited. Under 42 U.S.C. § 405(g), the Secretary's decision is conclusive upon the Court if it is supported by substantial evidence. *Alexander v. Weinberger*, 536 F.2d 779 (8th Cir. 1976); *Yawitz v. Weinberger*, 498 F.2d 956, 957 (8th Cir. 1974). This standard of substantial evidence is defined as such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion. *Russell v. Secretary of HEW*, 540 F.2d 353, 356 (8th Cir. 1976); *Brinker v. Weinberger*, 522 F.2d 13, 17 (8th Cir. 1975).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). In order to meet the statutory definition, the claimant must show (1) that he has a medically determinable physical or mental impairment that will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is a result of his impairment. *Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975).

█ Once the claimant establishes that his impairment is so severe that he cannot engage in his former occupation, the burden shifts to the Secretary to prove that the claimant can perform some other kind of substantial gainful employment. *Johnson v. Califano*, 572 F.2d 186, 187 (8th Cir. 1978).

█ After hearing the plaintiff's testimony and evidence, the Administrative Law Judge determined that plaintiff had met his initial burden of demonstrating an impairment that precluded him from returning to his former occupation. However, the ALJ found that claimant was physically capable of sedentary jobs and that the claimant was capable of performing other substantial gainful employment and was not disabled as defined by the Act. This Court concludes that there was not sufficient evidence produced by the record to show that the plaintiff was capable of performing any kind of substantial gainful employment and that the decision of the Secretary was in error.

The plaintiff was born on June 1, 1927. He had a twelfth grade education and his past working experiences included farming, assembly line work, service station attendant, and mixer's helper and dough feeder at Sunshine Biscuits, Inc. The plaintiff's medical difficulties date back to 1970 when he had back surgery which involved a lumbar fusion of L5 and F1.

As a result of this back surgery, plaintiff received Social Security disability benefits from June 15, 1970 to July 19, 1971, when disability benefits were discontinued. The plaintiff returned to his former employment as a dough feeder at Sunshine Biscuits, Inc., but due to intractable pain in his back he was rendered unable to work as of June 23, 1975. In July, 1975, a refusion of unstable L–4 and L–5 was performed on plaintiff's lower back. Because of the severe pain that plaintiff suffered from his back and his inability to work as a result thereof, he became severely depressed and attempted to strangle himself by wrapping a scarf around his neck. He was admitted to Veterans Hospital in Kansas City, Missouri on November 19, 1976 for treatment of severe mental depression. Treatment for the depression consisted of taking Elavil, Valium and Tylenol.

At the time of the hearing the plaintiff still experienced a great deal of pain in his back. It precluded him from standing for any extended periods of time, and he could only sit for periods of thirty or forty minutes at a time because sitting any longer caused the pain and numbness in his legs to get increasingly worse and unbearable. The plaintiff also testified at the time of the hearing that he was being treated on an outpatient basis for his mental and nervous condition at the Veterans Hospital and that he was still taking 5 milligrams of Valium twice a day in treatment of his mental condition. He also testified that he suffered from headaches and was taking aspirin for the headaches. The defendant had some other medical problems, but in the Court's opinion, they do not have any bearing on whether or not he is disabled.

Dr. Paul T. Correll, vocational expert, testified that the plaintiff could do sedentary type work on a production line and outlined some of the production jobs that he felt the plaintiff could do. But at page 30 of the transcript, the following question was asked by the ALJ and Dr. Correll gave the following answer:

"Question: Okay. Well, let's assume for a minute then that I — for the purpose of — came to the

42

conclusion that Mr. Clarkson could do one or more of these jobs. Let's assume I also came to the conclusion that because of one or another of his various problems that he — would lose more time than other workers performing the same type of job, significantly more time. Given that situation, would you expect that he'd be able to hold down any of these jobs on a consistent basis?

"Answer: Whether or not production jobs, they do require the person to be there during the regularly specified hours and I would say that he would *not* be gainfully employable under the circumstances of your hypothetical." (Tr. 30) (Emphasis added.)

In view of the fact that all of the evidence was to the effect that the plaintiff could not sit for over thirty or forty minutes at a time without getting up and moving around, and that he could not stand for long periods of time, the only reasonable conclusion that could be drawn would be that the plaintiff would not be able to work consistently and regularly on an assembly line job. Dr. Correll admitted that under those circumstances the plaintiff would not be gainfully employable. It is also interesting to note that Dr. Correll was not asked to take into consideration the mental condition of the plaintiff. All of the medical evidence in the file substantiated the fact that plaintiff was suffering from depression, was extremely nervous and tense and was taking medication for this condition. This condition would have further impaired the plaintiff's ability to work on an assembly line. We do not feel that it is necessary to send this matter back to the ALJ to have the plaintiff's mental condition to be taken into consideration by the vocational expert because we believe that the evidence shows that plaintiff would be unable to do production line work as a result of his back condition alone. *Warner v. Califano*, 623 F.2d 531 (8th Cir. 1980). The plaintiff's mental

problems only indicate an additional factor that would prevent plaintiff from being gainfully employed.

The ALJ correctly concluded that the plaintiff could not perform his former job. The burden then shifted to the Secretary to establish by the preponderance of the evidence that there was work available in the national economy that the plaintiff could perform in his disabled condition. *Gilliam v. Califano*, 620 F.2d 691 (8th Cir. 1980). There is no evidence in this record to support the ALJ's finding that the plaintiff could engage in substantial gainful activity because the vocational expert admitted that if the plaintiff could not stay consistently on the job during regularly specified hours that he was not gainfully employable. We find that because of the plaintiff's severe back problems and his nervous and mental condition, he would be unable to consistently perform on a production line and that the defendant has failed to produce substantial evidence that the plaintiff is gainfully employable.

For the reasons stated above, it is hereby

ORDERED that the motion of plaintiff is granted, and that plaintiff is permanently and totally disabled and unable to perform substantial gainful employment and is entitled to benefits under the Social Security Act from and after June 23, 1975.