Anna E. CRISWELL, Plaintiff,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.

No. 78–0180–CV–W–5.

United States District Court, W. D. Missouri, W. D.

Aug. 22, 1980.

K. Colleen Nunnelly, Legal Aid, Kansas City, Mo., for plaintiff.

Judith M. Strong, Asst. U. S. Atty., Kansas City, Mo., for defendant.

## ORDER AND MEMORANDUM

SCOTT O. WRIGHT, District Judge.

Under the provisions of 42 U.S.C. § 405(g), the plaintiff seeks judicial review of the defendant's final decision denying her claim for disability insurance benefits under Title II of the Act, 42 U.S.C. § 401 et seq. and her claim for supplemental security income benefits based on disability under Section 1601 of Title XVI of the Act, 42 U.S.C. § 1381 et seq. The defendant has moved the Court for summary judgment, and the plaintiff has filed a brief in support of her claim. For the reasons stated below, the defendant's motion for summary judgment is sustained, and the defendant's decision denying plaintiff's claims is affirmed.

Plaintiff's application for social security benefits and supplemental security income benefits was rejected by the Social Security Administration after consideration and reconsideration. A hearing was held on August 11, 1977 before Myron D. Mills, Administrative Law Judge (ALJ). Judge Mills found that claimant was not entitled to disability benefits or to supplemental security income benefits. The Appeals Council affirmed that decision, and plaintiff seeks judicial review requesting that the decision of the Appeals Council be reversed on the grounds that the testimony of the vocational expert is irrelevant because it is based upon improper hypothetical questions.

The form and scope of judicial review of the defendant's actions is statutorily defined and limited. Under 42 U.S.C. § 405(g), the Secretary's decision is conclusive upon the Court if it is supported by substantial evidence. *Alexander v. Weinberger*, 536 F.2d 779 (8th Cir. 1976); *Yawitz v. Weinberger*, 498 F.2d 956, 957 (8th Cir. 1974). This standard of substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Russell v. Secretary of HEW*, 540 F.2d 353, 356 (8th Cir. 1976); *Brinker v. Weinberger*, 522 F.2d 13, 17 (8th Cir. 1975).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). In order to meet the statutory definition, the claimant must show (1) that he has a medically determinable physical or mental impairment that will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is a result of his impairment. *Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975).

Once the claimant establishes that his impairment is so severe that he cannot engage in his former occupation, the burden shifts to the Secretary to prove that the claimant can perform some other kind of substantial gainful employment. *Johnson v. Califano*, 572 F.2d 186, 187 (8th Cir. 1978).

After examining the medical reports and hearing the plaintiff's testimony and the testimony of the vocational expert, the ALJ determined that plaintiff had met her initial burden of demonstrating an impairment that precluded her from returning to her former occupation. However, the ALJ found that the claimant is physically capable of at least light to sedentary work activity and that she has skills transferable to this type of work. The ALJ concluded that the evidence failed to establish that the claimant's impairments have been of sufficient severity as to prevent her from engaging in other substantial gainful activity and, therefore, claimant is not "disabled" as defined by the Act. After reviewing the record, this Court finds that the ALJ's findings are supported by substantial evidence and the decision of the Secretary must be affirmed.

Anna Criswell was 59 years old at the time of the administrative hearing. Her work history reveals that she was a silk presser for several different dry cleaners, a babysitter, a housekeeper, and a beautician. She completed the tenth grade in school and has had training in cosmetology and welding. Her last employment ended in August, 1976.

Claimant has numerous physical complaints, all of which date back for many years. A review of her testimony at the hearing and her medical records discloses the following complaints. At the time of the hearing, she had suffered from sinus headaches for more than seven years,[1] and she testified that medicine substantially relieved these headaches. She also complained about pain radiating down from her neck to her lower back and right hip. She described this pain as not an ache, but a cold, peculiar feeling. The neck pain she had experienced for over seven years and the lower back pain for over three years. She testified that while her legs didn't hurt, she suffered from a weakness and tiredness in her legs, and her medical records show that in 1975, she complained about pain in her right thigh which she had experienced for over six years. Another complaint was a ringing in her ears which she had experienced for over ten years. She had experienced blurred vision and eye pain for over six years. She claimed to suffer from dry and itchy skin, weakness and pain in her wrists and hands, shortness of breath which seemed to have gotten worse in the last few

---

1. The length of time she has claimed to suffer each ailment is derived from her medical records dating back to 1975 1976.

years,[2] and rectal problems which she had experienced for over seven years. Her medical records show that at one time she complained of sharp chest pain which she claimed to have experienced for over ten–fifteen years, and a bad cough which she had suffered with for over three years.

During 1976, the claimant underwent comprehensive physical examinations, and extensive laboratory tests were performed. All of the laboratory findings were essentially within normal limits, and the medical findings support the following physical ailments: (1) chronic lumbar–sacral strain (low back pain), (2) mild chronic obstructive pulmonary disease, secondary to smoking (mild respiratory problem), (3) mild generalized arthritis of the cervical and lumbar spines (neck and low back), and (4) sinus headaches.

The record contains a statement by Dr. David Warren, an osteopathic physician, indicating that the claimant is "totally disabled and cannot be gainfully employed." Dr. Warren supported this conclusion with a diagnosis of mucous colitis, chronic sinusitis, generalized rheumatoid arthritis, and cardiac insufficiency. There is nothing in the record to support either of his last two diagnoses. A major symptom of rheumatoid arthritis is hot, swollen joints. Neither the clinical findings nor claimant's complaints support this diagnosis. His diagnosis of cardiac insufficiency is also unsupported by the record. All of her EKG's were within normal limits, and her heart was normal size. Furthermore, Dr. Warren failed to diagnose the physical ailments which are supported by the record–mild arthritis in her back and neck, and chronic obstructive pulmonary disease. As a result, Dr. Warren's diagnoses and conclusion that claimant is disabled should be given little weight.

On the basis of the medical record and claimant's testimony, the ALJ concluded that the claimant could no longer engage in her former work activity. Once the claimant establishes that her impairment is so severe that she cannot engage in her former occupation, the burden shifts to the Secretary to prove that the claimant can perform some other kind of substantial gainful employment. *Johnson v. Califano*, 572 F.2d 186, 187 (8th Cir. 1978). The relevant inquiry is not whether the claimant can actually obtain such employment, but whether the claimant is able to engage in such an activity. *Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). In order to properly make this evaluation, the ALJ must base his judgment upon the testimony of a vocational expert. *Warner v. Califano*, 623 F.2d 531 (8th Cir., 1980); *Johnson v. Richardson*, 486 F.2d 1023, 1025 (8th Cir. 1973).

Dr. Paul T. Correll, a vocational expert, testified at the administrative hearing. Dr. Correll is a counseling psychologist with the University of Missouri–Kansas City, who works primarily with people who have vocational difficulties, particularly people with physical difficulties. Dr. Correll testified that on the basis of claimant's past work history, age, education, and medical problems, it was his opinion that claimant could engage in several jobs which existed in substantial numbers in the region where claimant lives. These jobs include a patcher for the electronic equipment industry, a bench worker in the optical goods industry, and a cleaner in the engraving and electronic component industry. In order for Dr. Correll's opinion to be relevant in this case, it must be based upon proper hypothetical questions which fairly set forth the claimant's physical impairments. *Brand v. Secretary of HEW*, 623 F.2d 523 (8th Cir., 1980). Claimant challenges the findings of the ALJ on the ground that the hypothetical questions propounded to the vocational expert did not fairly take into account claimant's subjective complaints of pain. It is well established in the Eighth Circuit that subjective complaints of pain should be considered and set forth in the hypothetical question. *Brand v. Secretary of HEW, supra; Northcutt v. Califano*, 581 F.2d 164 (8th Cir. 1978). This Court finds

2. It should be noted that plaintiff smokes 1½ 2 packs of cigarettes a day.

that the ALJ's hypothetical questions fairly incorporated all of claimant's physical impairments, including her subjective complaints of pain, and claimant's objection is without merit.

 The vocational expert based his opinion that claimant could be gainfully employed in other work on the following hypothetical questions:

Q. I want you now, then, let's give you a couple of hypothetical questions here as to other type work. Let's assume that I find that as her testimony has indicated that we do have an adult here that's 59 years of age. Her education is limited in that she never completed high school, went to the tenth grade. I would like for you to further assume that she did engage, as she testified, in the jobs of silk presser and also this babysitting and also this beauty culture work. I'd like for you to further assume that she would have the following limitations, physical limitations: The first question I'd like for you to assume that would have to work in an atmosphere where she would alter her position or standing or sitting to where she could alternate at will or at least not have to stand, say for more than 30 minutes at a time or to sit for 30 minutes, that she could, in other words, sit or stand, sit and stand. I'd like to put a limitation of lifting, and pushing, and pulling of no more than ten pounds engaging in light objects. I'd like to also limit her dexterity as far as the fingers, the hands, to no fine dexterity such as would be involved with needle and threads. That would be, I guess in your terminology of, what, gross dexterity?

A. Yes, sir. It would be handling type job.

Q. I'd like to limit any possible job to no extensive walking, limit to a small area, say, something in the neighborhood of 50 feet. I'd like to eliminate any constant bending. Occasional bending or stooping would be—I

would consider all right as far as this question is concerned, but nothing extensive. I'd like to eliminate, thought, and limit any extensive climbing that would cause her to have a shortness of breath. Under those limitations, Doctor Correll, are there any different types of industry or cleaning plants stores or what not that jobs would exist that she could do with those limitations that I placed on her?

(Tr. 53–54). After the vocational expert described several different jobs he thought claimant could perform with these limitations, the ALJ further hypothesized

Q. Any—any reduction here of being able to handle these jobs if I further brought in the element of her having daily headaches which may necessitate her taking medicine to relieve it which wouldn't last all day but it would be a headache which might take from a half an hour to an hour to get relief?

(Tr. 55–56). On the basis of these hypothetical questions, the vocational expert concluded that claimant could be substantially and gainfully employed in light or sedentary work activity. His conclusion constitutes relevant evidence because it is based upon proper hypothetical questions. A review of claimant's complaints show that the ALJ considered all of them in forming his hypothetical questions, regardless of whether the complaints were supported by medical evidence. He took into consideration the pain in her neck and low back when he limited the amount of lifting, pushing, pulling, stooping, and bending she would have to do. He took into consideration the pain in her right hip, and the weakness of her legs, and her shortness of breath when he limited the amount of walking, climbing, and standing she would have to do. He took into consideration her rectal problems when he limited the amount of sitting she would have to do. He took into consideration the weakness and pain in her hands and wrists when he limited the job to gross dexterity only. He directly addressed her

sinus headaches, and even though the vocational expert gave a qualified answer to as whether they would affect her employability, the entire record supports the finding that her sinus headaches do not rise to the level of a disability as defined by the Act. She testified that she could get relief from these headaches by taking medicine. Also, she had complained of these headaches for over seven years, during which time she had been substantially and gainfully employed. There is no testimony that the severity of her headaches have increased and no explanation why after seven years, the headaches have suddenly become disabling.

■ Even though the ALJ did not expressly state in his hypotheticals that claimant had pain in her back, hands, etc., he clearly incorporated the effects of her alleged pain in his hypothetical questions.[3] The Eighth Circuit requires that subjective complaints of pain should be considered, but they do not require that the ALJ should be bound by everything the claimant alleges. A claimant's subjective complaints of pain may be shown to be exaggerated by inconsistencies in a claimant's testimony and all other circumstances in the case. *Brand v. Secretary of HEW, supra* at 526 note 3. In this case, claimant testified that her impairments did not prevent her from doing her own housework. Additionally, her medical records show that she has had these same complaints for many years and was gainfully and substantially employed during that time. The other circumstances of the case do not support the alleged severity of her subjective complaints of pain, and, therefore, the ALJ was not required to stress them in his hypothetical questions.

■ There is substantial evidence in the record to support the decision of the Secretary, and it is hereby

ORDERED that the defendant's motion for summary judgment is granted and the decision of the Secretary is affirmed. The parties will bear their own costs.

3. The ALJ did omit her complaint of blurred vision, but her medical records show that this could be cured by corrective glasses. In any event, the vocational expert testified that only one of the jobs he listed needed sharp visual acuity.