**JOE TAUFETE`E, Appellant**

**v.**

**AMERICAN SAMOA GOVERNMENT, Appellee**

High Court of American Samoa
Appellate Division

AP No. 04-94

January 3, 1995

Before KRUSE, Chief Justice.

Counsel: For Appellant, Lutu Afoa
 For Appellee, Douglas Juergens

Order Denying Motion to Admit Evidence:

## HISTORY

Appellant, Joe Taufete`e ("Appellant"), occupies communal land in the· village of Nu`uuli, adjacent to the Pala Lagoon. In 1985, Appellant obtained a permit to conduct landfill activity in that area, but discontinued such activity later that year. Appellant resumed fill activity in 1992, but the government issued a Stop Work Order to Appellant because his permit had expired. Appellant applied for a fill permit through the Project Notification and Review System ("PNRS"). The PNRS reviewed the application and recommended to the director that Appellant's application be denied. Appellant then appealed the recommendation of denial to the PNRS appeals panel, which reviewed and reversed the recommendation of denial. The Director followed the PNRS recommendation and denied the permit. The Government moves this court to receive affidavits not considered in the administrative review, nor on the record of the agency's proceedings, on the ground that the report was unavailable at the time of the agency decision.

## DISCUSSION

■ The scope of review for an administrative decision is governed by A.S.C.A. § 4.1043(a), which provides, in relevant part, "The review shall be confined to the record . . . On motion of any party, the court may, in its discretion, receive any evidence necessary to supplement the record."

The language of this rule requires that "review is confined to the record," giving the court "discretion" to receive new evidence on appeal only when it finds: (1) that the evidence "supplement[s]" or explains matters already in the record; and (2) when the "supplement[al]" material is "necessary" for meaningful review.

■ Although they are not bound by the same statutory rule as the courts of American Samoa, federal courts have generally held that any evidence

outside the administrative record may be admitted only for the limited purpose of explaining the complex technical testimony in the record.

In reviewing administrative regulations, the courts generally are forbidden from conducting a full-fledged and independent evidentiary hearing. Neither can the courts uphold regulations on the basis of post-hoc rationalizations offered by the agency. But in the often difficult task of reviewing administrative regulations, the courts are not straightjacketed to the original record in trying to make sense of complex technical testimony, which is often presented in administrative proceedings without review by nonexpert judges in mind. Here, the augmenting materials were merely explanatory of the original record. No new rationalization of the SO2 regulations was offered by the EPA. Instead, the augmenting materials clarified a dispute that we felt was less clear from the original record and were clearly admissible. *Bunker Hill v. E.P.A.*, 572 F.2d 186, 192 (9th Cir. 1977) (citations omitted). In the present case, the offered affidavits were not in the mind of the Director when he made his decision to deny the permit to appellant, nor do they purport to explain or clarify any specific evidentiary materials already in the record. The affidavits merely present the agency's proffered post hoc rationalization. Furthermore, in interpreting *Bunker Hill*, the District of Columbia Circuit held that, if "necessary", a reviewing court may, "[G]o outside the administrative record . . . only for background information, as in *Bunker Hill*, or for the limited purpose of ascertaining whether the agency considered all the relevant factors or fully explicated its course of conduct or grounds for decision." *Environmental Defense Fund v. Costle*, 657 F.2d 275, 285 (D.C. Cir. 1981) (*quoting Asaraco v. E.P.A.*, 616 F.2d 1153, 1160 (9th Cir. 1980)). The District of Columbia Circuit further found it to be essential that supplementary evidence be provided by "employees" of the relevant agency, or people who "had participated in the pertinent agency actions." *Id.*

The Government offers us *Webb v. Gorsuch*, 699 F.2d 157, 159 n.2 (4th Cir. 1983), for the proposition that "we may consider several affidavits and reports . . . which were not placed before the agency in determining whether the agency's action was arbitrary." This language, however, does not take into consideration the limitation upon review of administrative decisions in A.S.C.A. § 4.1043(a). Additionally, the footnote in *Webb* is narrowly tailored to permit evidence outside the record "when assessing the adequacy of an [Environmental Impact Statement] or a determination that no EIS is necessary," after a pollution elimination permit is already approved. *Id.* Furthermore, the language of the *Webb* footnote indicates that non-record evidence may be admitted to determine "whether the

agency decision was arbitrary," which seems to indicate that the non-record evidence must be supplemental or explanatory of the evidence considered by the agency. *Id*.

█ Finding that Karla Kluge and Thomas E. Yocum are not employees of the Development Planning Office, that they were not involved in the administrative proceedings, and that their affidavits do not purport to clarify or explain evidence from the existing record, we hold that the evidence is not supplemental to the administrative record. The motion to admit these affidavits into evidence or to depose the witnesses is, therefore, denied.

In accordance with A.C.R. Rule 27(c), this ruling may be reviewed by the entire appellate division.

It is so ordered.