﻿Citation Nr: AXXXXXXXX
Decision Date: 02/27/20 Archive Date: 02/27/20

DOCKET NO. 190627-10837
DATE: February 27, 2020

ORDER

Entitlement to an effective date prior to April 21, 2017 for the grant of entitlement to a total disability rating based on individual unemployability (TDIU) is denied.

Entitlement to an effective date prior to April 21, 2017 for the grant of eligibility to Dependents’ Educational Assistance (DEA) under 38 U.S.C. Chapter 35, is denied.

FINDINGS OF FACT

1. The Veteran’s service-connected disabilities did not preclude gainful employment consistent with her education and occupational experience prior to April 21, 2017.

2. Entitlement to DEA benefits arose on April 21, 2017. 

CONCLUSIONS OF LAW

1. The criteria for the grant of TDIU prior to April 21, 2017 have not been met. 38 U.S.C. § 1155, 5107; 38 C.F.R. § 3.158, 3.340, 3.341, 4.15, 4.16, 4.19.

2. The criteria for an effective date experience prior to April 21, 2017 for eligibility for DEA benefits have not been met. 38 U.S.C. §§ 3501, 3510, 5113; 38 C.F.R. §§ 3.807(a), 21.3021.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from May 2000 to November 2006.

On August 23, 2017, the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA), was signed into law. That law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework. 

In April 2019, the Agency of Original Jurisdiction (AOJ) granted the Veteran’s claims for TDIU and DEA as of April 21, 2017. See rating decision, April 18, 2019. In response, the Veteran submitted a VA Form 10182, an appeal to the Board of Veterans Appeal, using the Direct Review lane, in June 2019. See Decision Review Request: Board Appeal (Notice of Disagreement), received by VA June 27, 2019.

1. TDIU

The Veteran asserts than an earlier effective date is warranted for the grant of TDIU, which was granted effective April 21, 2017, in an April 2019 rating decision. See rating decision, April 18, 2019. Specifically, the Veteran generally asserts that TDIU is warranted as of October 2015. See Decision Review Request: Board Appeal (Notice of Disagreement), received by VA June 27, 2019. Specific argument in support of this appeal has not been provided.

The Veteran filed her claim for TDIU in July 2018. In the claim, the Veteran stated that she last worked full time in January 2016 and had to quit her job because the work environment was “exasperating” her service-connected sinus disability, for which she had to take two courses of antibiotics. See claim, received by VA July 6, 2018.

VA will grant TDIU when the evidence shows that a Veteran is precluded, by reason of service-connected disability, from obtaining and maintaining any form of gainful employment consistent with his or her education and occupational experience. See 38 C.F.R. §§ 3.340, 3.341, 4.16. Under the applicable regulations, benefits based on individual unemployability are granted only when it is established that the service-connected disability or disabilities are so severe, standing alone, as to prevent the retaining of gainful employment.

Substantially gainful employment is defined as work which is more than marginal and which permits the individual to earn a living wage. Moore v. Derwinski, 1 Vet. App. 356 (1991). In Faust v. West, 13 Vet. App. 342 (2000), the U.S. Court of Veterans Appeals (now the U.S. Court of Appeals for Veterans Claims) (Court) defined substantially gainful employment as “an occupation that provides an annual income that exceeds the poverty threshold for one person, irrespective of the number of hours or days that the Veteran actually works and without regard to the Veteran’s earned annual income.”

In Moore, the Court discussed the meaning of “substantially gainful employment.” In this context, it noted the following standard announced by the United States Federal Court of Appeals in Timmerman v. Weinberger, 510 F.2d 439, 442 (8th Cir. 1975): “It is clear that the claimant need not be a total ‘basket case’ before the courts find that there is an inability to engage in substantial gainful activity. The question must be looked at in a practical manner, and mere theoretical ability to engage in substantial gainful employment is not a sufficient basis to deny benefits. The test is whether a particular job is realistically within the physical and mental capabilities of the claimant.” Id. at 359.

Under 38 C.F.R. § 4.16, if there is only one such disability, it must be rated at least 60 percent disabling to qualify for benefits based on individual unemployability. If there are two or more such disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. See 38 C.F.R. § 4.16(a). Where these percentage requirements are not met, entitlement to benefits on an extraschedular basis may be considered when a Veteran is unable to secure and follow a substantially gainful occupation by reason of service-connected disability, and consideration is given to the Veteran’s background, including his or her employment and educational history. See 38 C.F.R. § 4.16(b). 

The Veteran is presently service-connected for sinusitis, evaluated as noncompensable from November 13, 2006, and as 50 percent disabling from April 21, 2017; chronic sinusitis headaches, evaluated as 50 percent disabling from April 21, 2017; posttraumatic stress disorder (PTSD), evaluated as 30 percent disabling from May 7, 2009, and as 50 percent disabling from April 21, 2017; and left ear hearing loss, evaluated as noncompensable from November 13, 2006. 

As such, the Veteran’s combined rating was 10 percent from November 13, 2006, 30 percent from May 7, 2009, and 90 percent from April 21, 2017.

Prior to April 21, 2017, the Veteran’s combined rating was 30 percent. At a 30 percent evaluation, the Veteran’s service-connected disabilities did not render her eligible for TDIU under the schedular percentage requirements contemplated by VA regulation. See 38 C.F.R. §§ 3.340, 3.341, 4.16(a). 

For those Veterans who fail to meet the percentage standards, TDIU nevertheless may be assigned when it is found that the service-connected disabilities are sufficient to produce unemployability. Such cases are referred to the Director, Compensation Service, for extra-schedular consideration. 38 C.F.R. § 4.16(b). 

For a Veteran to ultimately prevail on a claim for TDIU on an extra-schedular basis, the record must reflect some factor which takes the case outside the norm. The sole fact that a claimant is unemployed or has difficulty obtaining employment is not enough. A disability rating in itself is recognition that the impairment makes it difficult to obtain or keep employment, but the ultimate question is whether the Veteran is capable of performing the physical and mental acts required by employment, not whether he can find employment. Van Hoose v. Brown, 4 Vet. App. 361 (1993).

Consequently, the only remaining question in this case is whether the Veteran was unable to secure or follow a substantially gainful occupation as a result of her service-connected disabilities prior to April 21, 2017. 

Turning to the probative medical evidence, a November 2006 VA examiner did not show that the Veteran’s service-connected disabilities had any impact on her employment. The Veteran did not bring up any functional impairments at the examination. See VA General Medical Examination, November 1, 2006. 

An August 2009 VA examiner stated that the effect of the condition on the Veteran’s usual occupation was occasional decrease in work efficiency or intermittent periods of inability to perform occupational tasks due to sign and symptoms, but generally satisfactory functioning (routine behavior, self-care, and conversation normal). The Veteran reported that she had some occasional attentional issues, but was doing well at work. See VA Mental Disorders Examination, August 10, 2009. 

A July 2017 VA examiner opined that the Veteran’s sinusitis and sinus headaches caused mild functional limitation. See VA Miscellaneous Disability Benefits Questionnaire (DBQ), July 20, 2017. 

VA treatment records show that the Veteran was employed full time at a private company, as she gravitated to a military-like work setting and preferred that over using her real estate license. See VA treatment records, August 19, 2008. The Veteran related that she quit her then-current job because she hated it, as she relapsed with alcohol and attempted self-harm. See VA treatment records, August 13, 2009. Her psychiatrist noted that the Veteran experienced occasional decrease in work efficiency or intermittent periods of inability to perform occupational tasks due to sign and symptoms, but generally satisfactory functioning (routine behavior, self-care, and conversation normal). See VA treatment records, August 10, 2009. The Veteran reported that she worked at a prison and at the post office after she separated from service, and was unemployed since “last month.” See VA treatment records, February 25, 2016. The Veteran worked full-time and found therapy and medication helpful, not reporting any issues at work. See VA treatment records, January 6, 2017. The Veteran’s VA medical treatment records did not contain any work restrictions.

In sum, the Veteran is not eligible for TDIU on a schedular basis, and there is no showing that the Veterans was unable to secure and follow a substantially gainful occupation by reason of her service-connected disabilities prior to April 21, 2017. A referral to the referred to the Director, Compensation Service, for extra-schedular consideration is not warranted.

The Board acknowledges that the Veteran is competent to report the symptoms of her disabilities. Barr v. Nicholson, 21 Vet. App. 303 (2007) (lay testimony is competent to establish the presence of observable symptomatology); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. Sept. 14, 2009). The Board recognizes that the Veteran has related that she was unable to work due to her service-connected disabilities before 2017. 

The Veteran underwent multiple VA examinations, and years of treatment for her service-connected disabilities. None of the medical show that the Veteran was unable to obtain and maintain employment due to her service-connected disabilities prior to April 21, 2017. 

While the Board does not wish to minimize the nature and extent of the Veteran’s overall disability, and the fact that the Veteran has problems associated with her service-connected disabilities (the basis of the current ratings), the evidence of record does not support her claim that her service-connected disabilities alone were sufficient to produce unemployability prior to April 21, 2017. Although they did produce some impairment, the evidence does not reflect that gainful employment was precluded solely due to the Veteran’s service-connected disabilities. The Veteran has not identified or submitted any competent evidence demonstrating that her service-connected disabilities alone preclude her from securing and maintaining substantially gainful employment and entitle her to a TDIU prior to April 21, 2017. 

Thus, for all the foregoing reasons, the Board finds that referral to the Director of the Compensation Service for extraschedular consideration of the claim for entitlement to a TDIU is not warranted, and the claim must be denied. Entitlement to an effective date prior to April 21, 2017, for the grant of entitlement to TDIU is denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990), 38 C.F.R. § 3.340.

2. DEA

The Veteran asserts than an earlier effective date is warranted for the grant of Dependents’ Educational Assistance, which was granted effective April 21, 2017, in an April 2019 rating decision. See rating decision, April 18, 2019. The Veteran has not asserted the date as of what date she believes that the Dependents’ Educational Assistance is warranted. See Decision Review Request: Board Appeal (Notice of Disagreement), received by VA June 27, 2019. 

Eligibility for DEA benefits requires an underlying service-connected disability that is both total and permanent in nature. 38 U.S.C. § 3501(a)(1)(A)(ii), (D)(i); see 38 C.F.R. §§ 3.807 (a)(1)-(2), 21.3021(a)(1)(iii), (3)(i). The AOJ, in its April 2019 rating decision, determined that the Veteran was entitled to an effective date for DEA that coincided with the date of entitlement to TDIU benefits. See rating decision, April 18, 2019. The Board will not disturb this favorable finding and likewise concludes that the effective date for the award of TDIU should be used for the Veteran’s basic eligibility for DEA benefits. 

Accordingly, an effective date prior to April 21, 2017, for the award of basic eligibility for DEA benefits is denied. 

 

 

 

Kristy L. Zadora

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Lech, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.